## In the matter of PARKER.

A surrogate has no jurisdiction, to prohibit an executor from contesting the paymen of promissory notes, given by the testator, in an action at law brought thereon; or to restrain him from prosecuting a bill of discovery, filed in the court of chancery, for the purpose of ascertaining the consideration of such notes.

THIS was an appeal from a decision of the surrogate of the city and county of New-York, rejecting the petition of the appellant, for directions to an executor, in relation to the discharge of his trust. The petitioner was one of the legatees of C. Walker, deceased, to the amount of $5000, payable out of the personal estate. And the petition stated, in substance, that there was justly due to the mother of the petitioner $5300, and interest, upon two notes given to her by the testator; that the executor had not filed an inventory of the estate, but had informed the petitioner that if these two notes were to be charged upon the property, the testator's estate would not be sufficient to pay the debts and the general legacies; that the petitioner was willing to have the amount of the two notes paid, but the executor, at the request, and for the benefit of the residuary legatees of the testator, refused to allow the notes as a just claim against the estate, and was proceeding to contest the recovery thereof, in an action at law which had been brought thereon; and that he had also filed a bill of discovery, in the court of chancery, for the purpose of ascertaining the consideration of such notes; and that the expenses of such litigation would be chargeable upon the fund which belonged to the petitioner and others, as general legatees. The petitioner, therefore, prayed for an order of the surrogate directing the executor to desist from the further defence of the action at law upon the notes, and from the further prosecution of the suit in chancery, upon the bill of discovery, and from any further proceedings to resist the claim of the holder and owner of the two notes; until the residuary legatees, for whose benefit that claim was resisted, should give security to indemnify the estate of the testator against the costs and charges of that litigation.

In the matter of Parker.

*T. Sedgwick*, for the appellants.

THE CHANCELLOR. To show that the surrogate had juris-diction to receive and act upon this petition, and to grant the relief asked for, the appellant's counsel relies upon the provisions of the revised statutes; which, among other things, empower the surrogates to direct and control the conduct of executors and administrators. (2 *R. S.* 220, § 1, *sub.* 3.) It is difficult to say what direction and control, over executors and adminis-trators, was intended to be given to the surrogates, by the third subdivision of the first section of the title relative to surrogates' courts. But as the concluding clause of that section, as origin-ally enacted, declared in reference to all the powers given by that section, that they should be exercised in the cases and in the manner prescribed in the statutes of this state, and in no other, it is hardly to be presumed that the legislature intended to con-fer upon a surrogate's court such a power as is claimed by the appellant in this case. It is true, in the amendatory act of 1837, the words *and in no other*, were stricken out of this section; together with the concluding clause, which prohibited a surro-gate, under pretext of incidental power or constructive authority, from exercising any jurisdiction whatever, not expressly given by some statute of this state. But I apprehend the effect of that amendment was only to restore to the surrogates the pow-ers which were incidental and necessary to the proper discharge of the powers conferred upon them by statute, or otherwise. The section, as now amended, therefore, gives to the surrogates sub-stantially the same powers as they possessed previous to the adoption of the revised statutes. And I think it would be wrong to construe the general language of this third subdivis-ion, in such a manner as to give to a surrogate a new and extraordinary power, to direct and control the conduct of executors and administrators, relative to suits and proceedings in other courts; which power had never before been exercised by the surrogates, or by the court of probates, in this state, or by the ecclesiastical courts in England.

Again; the exercise of the power sought to be invoked in

In the matter of Parker.

this case, would also lead to a double litigation of the question, whether the notes, claimed by the mother of the petitioner, were in fact just and equitable charges upon the estate of the testator. For, if this petition is entertained, the executor must, of course, be permitted to come in and show, in opposition thereto, that he has reasonable or probable grounds for resisting the claim. And all the other legatees, who have an interest in defeating the claim, if it is unjust or inequitable, will also have the right to come in as interveners to protect their rights; and to show, by evidence or otherwise, that the executor should not be enjoined from making a defence to the action at law upon the notes. For, unless they are allowed to intervene, they will of course have the right to present an original petition to the surrogate, on their part, to direct the executor to resist the claim upon the notes; upon showing that there are reasonable grounds for believing they are not a proper charge upon the fund in which they are interested.

The only proper course, therefore, is to leave it to the executor, under his oath of office faithfully and honestly to discharge the duties of executor; to resist such claims, against the testator's estate, as he conscientiously believes to be unfounded or doubtful, and to admit and allow those which he is satisfied are justly due and ought to be paid. And if he violates his duty in this respect, by subjecting the estate to the expense of a useless litigation, in resisting a claim which he has no reason to believe can be successfully defended, or by admitting and paying a claim which is not a proper charge upon the estate, and which it is his duty to resist, he should not be allowed, in his accounts, for the loss which the estate sustains by such improper conduct.

It appeared by the petition, in this case, that the executor had neglected to file an inventory; and if the petition had asked for an order, upon the executor, that he should file an inventory of the estate which had come to his hands, the surrogate should have received and retained the petition for that purpose. But the relief asked for specifically, was such as the surrogate was not authorized to grant. The order appealed from must therefore be affirmed.