---

*In re* STANTON'S ESTATE.

*(Surrogate's Court, New York County.* October 20, 1888.*)*

EXECUTORS AND ADMINISTRATORS—REMOVAL—COSTS.

Findings of the referee that the executrix had practically exclusive control of the estate, and that she used the funds without making any pretense of securing the estate until two years afterwards, and then only when threatened with proceedings in the probate court, justify the conclusions of law that the executrix carelessly and wastefully managed the estate; that she was not a fit person to be executrix; and that she should be personally charged with the costs of the proceeding to remove her.

On application for removal of executrix.

RANSOM, Surr. This is a proceeding to remove an executrix of deceased on grounds stated in the petition, to which an answering affidavit was filed, and the matter sent to a referee. His report and exceptions thereto have been filed. The testator died on the 22d day of October, 1882, and by his will appointed Jemima Stanton, Robert Clark, and William J. Stanton the executrix and executors and trustees of his will. His estate was inventoried at $43,660, as appears from the inventory. Robert Clark, one of the executors and trustees, was duly discharged on his own petition, and the assets were delivered by him to said Jemima and William J. Stanton, the former being entitled to a life-interest in the entire estate; and the four children of testator, one of whom is the petitioner herein, had a vested estate in remainder in the whole of said estate. The above statement is included in the first seven findings of fact of the referee, which are not excepted to, and stand confirmed.

The eighth finding, that Robert Clark turned over the sum of $41,551.25, is excepted to; the executrix claiming the referee should have found the sum to have been $40,950. The account filed in 1884 by Robert Clark, the decree entered thereon, and the two receipts, one for $601.25 and one for $40,950, signed by Jemima Stanton and W. J. Stanton, show that Robert Clark turned over to the executrix and executor the amount found by the referee. The exception is overruled.

The next exception is to the ninth finding, that said Jemima Stanton took possession of the estate, and has ever since had and retained the sole and exclusive use, care, custody, and management of the said estate and the assets thereof, and of the property turned over by said Clark. It appears from the testimony of William J. Stanton that only on one occasion did he exercise his functions as executor, *i. e.*, when his mother was sick; and that on several occasions he signed papers, but did not know what they were. He testifies positively that, with the above exceptions, he had had nothing to do with the estate since Clark was discharged. I have no doubt but that the executrix, with the assistance of her counsel, had sole control and management of the estate. The exception is overruled.

The third exception is to the tenth finding, that W. J. Stanton has not had nor taken charge of the assets of said estate, etc., nor had the management thereof, nor made any investments of funds of said estate. Stanton testifies, in reference to the deposit of $6,000 that he made during his mother's illness and of which he immediately drew out $4,000, that he did not remember exactly what Mr. Crane, the attorney, said, but thinks he said he was going to give it to Mrs. Stanton; that he (Crane) had a mortgage or something; that he (Crane) was going to loan it, as Stanton understood, on a mortgage in Brooklyn. He testifies further that he has signed but two checks since June, 1884, and those related to the above deposit and mortgage testified to. The executrix testi-

fies that she did not consult Stanton about any sum she used for the estate. It cannot be held that, because of the formal exercise of his duties at a time when his mother was sick, this executor had the management of and invested funds of the estate. It is apparent that, had his mother been well, he would not have been called on. The exception is overruled.

The fourth exception is to the eleventh finding, that the executrix had, from time to time, used the cash and securities committed to her charge for her own personal profit and advantage, and sold and converted the Central Park Improvement stock and four Morrisania town bonds into cash, and converted the same to her own use. The testimony fully bears out this finding. The executrix did convert the securities of the estate into cash and borrowed from the estate. The fact that she gave either adequate or inadequate security for the amount borrowed does not affect the soundness of the finding. The exception is overruled.

The fifth exception is to the twelfth finding, that such use of said assets of the estate has extended over the period of two years last past. The testimony of the executrix shows that more than two years ago she drew out and "appropriated to her own use" the moneys of this estate deposited in the several banks, and that this use of the assets of the estate has been going on since that time. The exception is overruled.

The sixth exception is to the thirteenth finding, that, in place of the cash, etc., of this estate, the executrix seeks to substitute her own personal bonds and mortgages, but said bonds and mortgages have never been delivered to her co-executor or approved by him, and have never been recorded. The evidence fully sustains the finding of the referee, and the exception is overruled.

The seventh exception is to the fourteenth finding, that the Morrisania bonds sold by the executrix were good and approved securities, and bearing interest at the rate of 7 per cent., and that the bonds and mortgages given by her to the estate contain no clause allowing collection for default of interest or for non-payment of taxes or assessments, and contain no covenant to keep the buildings insured against fire, and are not collectible before 1898. There seems to be no dispute as to the rate of interest the bonds bore, and an inspection of the mortgages shows that they contain no tax, interest, or insurance clause. The exception is overruled.

The eighth exception is to the fifteenth finding, that the executrix seeks to substitute for moneys of the estate taken by her bonds and mortgages made by her individually, and has attempted to assign them to herself and Stanton, as executors, but has never caused said assignments to be recorded, nor has she ever delivered said assignments to Stanton, and that the same are in her individual possession. An examination of the assignment shows they have never been recorded, and the latter part of the finding is not disputed; the respondent claiming that a different finding should have been made. The exception is overruled.

The ninth exception is to the sixteenth finding, that the executrix has used for her own profit and advantage, and taken of the funds, etc., of the estate, and has converted to her own use an amount exceeding the sum of $15,000. The testimony of the executrix shows that she took from the estate $2,800; and, that she executed a mortgage to the executors of James P. Stanton for $9,736, and one for $3,450, to make up what she had taken. The exception is overruled.

The tenth exception is to the seventeenth finding, that the executrix has attempted to restore to the estate said moneys by substituting her own personal bonds and mortgages, which have not been delivered or recorded, and by substituting bonds and mortgages given to her and assigned by her to said estate, which assignments have never been recorded. The evidence and the instruments themselves fully sustain this finding. The exception is overruled.

The eleventh exception is to the eighteenth finding, that the two mortgages given by the executrix are mortgages upon her one-fifth interest in her father's estate, respectively fourth and fifth mortgages on said interest, and are subject to three other prior mortgages. The testimony sustains this finding. The exception is overruled.

The twelfth exception is to the nineteenth finding, that the mortgages were not made and executed until the executrix was notified that this proceeding had been brought, and not until nearly two years from her first converting to her own use the funds of this estate. The petition was verified March 8, 1888, and the citation made March 23, 1888, and served April 7th. These two mortgages bear date, respectively, March 22d and April 7th. As appears from the testimony of Mr. Stanton, threats had already been made to remove her, and negotiations had been pending for some time between her attorney and Mr. Stanton. I have no doubt but that this proceeding being threatened, and the certainty that it would be commenced, caused the execution of these mortgages. Why were they not executed at the time the funds were "borrowed' from the estate?" The exception is overruled.

The thirteenth exception is to the twentieth finding, that at the time said cash and securities of the estate were taken by the executrix, no security whatever was taken or substituted therefor, nor any note or memorandum showing such indebtedness as was given by the executrix to her co-executor. There is no testimony that would support a different finding; on the contrary, the testimony of the executrix fully establishes the position taken by the referee. The exception is overruled.

The fourteenth exception is to the twenty-first finding, that Mr. Stanton did not know until about the commencement of this proceeding that the executrix had used or converted the assets of this estate. The uncontradicted testimony of Mr. Stanton sustains this finding, and the exception is overruled.

The first and second exceptions to the first and second conclusions of law, that the executrix has improvidently, carelessly, and wastefully managed this estate committed to her charge, and has imperiled the rights and interests of the persons entitled to the remainder therein, may be considered together. The facts as found by the referee,—and his findings have all been confirmed,— show that the executrix has had practically sole and exclusive control of this estate; that she has taken the funds and securities thereof in large amounts, and not only converted them to her own use for speculative purposes, but neglected to secure or even pretend to secure the estate until more than two years thereafter, and then only when it was threatened to set the machinery of this court in motion. Whether the estate has lost anything by the unlawful acts of the executrix does not now appear. The mortgages given by her in place of actual cash converted by her may be paid. Expenses, however, more or less heavy may be forced upon the estate in consequence of such unlawful acts. I do not impute to the executrix personal dishonesty in the performance of her duties as executrix. It is a fact absolutely proved that her management of the estate was improvident and wasteful, and has imperiled the rights and interests of the persons entitled to the remainder therein. The exception is overruled.

The third exception is to the third conclusion of law, that she is an unfit person to be executrix of said will, and not a fit person to longer have the charge, care, or management of said estate. This conclusion is the only sequence possible from the facts found. The exception is overruled.

The fourth exception, to the fourth conclusion of law, must also be overruled. To my mind it would be improper to permit this executrix to continue in her office. Under well-considered and settled principles, familiar to all, she has evidenced her unfitness for the important duties of her place. It is right that I should say that I am not intending to hold that this lady has

omitted or committed any act as executrix from motives of personal dishonesty. I do not believe that; but that she has, through ignorance of the law governing her, or unconsciously influenced by the relation of the remaindermen to her, and her dominion over the estate, either or both, improvidently and unlawfully performed her duties as executrix, is conclusively proved. The conclusion of the referee to that effect is sustained.

The fifth exception is to the fifth conclusion of law of the referee, that the executrix should be personally charged with the costs of this proceeding. It was the reckless and careless conduct of the executrix in the administration of this estate that made the institution of this proceeding imperative. It is neither just nor fair that the vested interest of the remainder-men should be made to bear any portion of the expense of the proceeding made necessary by the maladministration of the estate by the executrix. The exception is overruled.