---

### In re SMITH'S ESTATE, (two cases.)

(*Surrogate's Court, New York County.*   September 20, 1889.)

TRUSTS—REMOVAL OF TRUSTEE.

> Where a trustee fails to charge herself with rents received, and evinces such carelessness as proves her an unsafe guardian of others' property, and her testimony discloses an intention, persisted in until discovery, to conceal from the interested parties her reception of, and intention to appropriate, such rents, she will be removed as trustee, and it need not be found that she is dishonest or improvident.

Applications by Mrs. Drinker and others, and Hanford Smith and others, to remove the trustee of the estate of Hanford Smith, deceased.

*Dilloway, Davenport & Leeds,* for Mrs. Drinker and others. , *Dill, Chambers & Seymour,* for Hanford Smith and others. *Ovide Dupre,* for trustee.

#### APPLICATION OF MRS. DRINKER AND OTHERS.

RANSOM, S. The evidence which is now before the court shows that the learned referee has found that the respondent collected before the death of the testator the sum of $1,063, and afterwards the further sum of $465, and that she failed to charge herself in her account with any part of these sums, and that she was charged with the same by a decree of this court, entered upon the report of a referee holding her liable for it. The learned referee herein, however, decides that her failure to charge herself with the moneys collected was not the result of dishonesty or bad faith, and concludes, as matter of law, that she was not guilty of any misconduct for which she could be removed. This conclusion of law seems to be deduced solely from the finding of fact as to the absence of dishonesty and bad faith in omitting to charge herself with the collections stated. It is apparent that the learned referee has not considered whether the acts or omissions in question, although done, or omitted to be done, in good faith, and with no dishonest purpose, might not involve such an improper application or administration of the funds of the trust, or such an improvident management thereof, or such other misconduct in the execution of the trust, as would justify the removal of the trustee. That the utmost good faith and honesty would not, in a multiplicity of instances readily suggested as coming within the cases mentioned, save a trustee from removal from his office, is manifest. The statute plainly recognizes this. Section 2817, subd. 2, Code Civil Proc; *Estate of Stanton,* 2 N. Y. Supp. 342; *Morgan* v. *Morgan,* 3 Dem. Sur. 616.

I have very carefully examined and considered the evidence which has been adduced before the learned referee, and am unable to reach any other conclusion than that which follows. The testimony of the respondent given upon the previous reference, and which has been admitted in evidence, discloses, to my mind, an intention on her part, existing at and previously to the time of the filing of her account, and afterwards persisted in until discovery made

impossible its further continuance, to conceal from the parties interested the fact of her reception of the rents collected, and to convert the same to her use. This conduct I deem such dishonesty as would warrant her removal. Aside from this, and assuming that she had no knowledge of the amount of the rents she received in the month of May previously to her father's death, which I do not believe, she should at once, upon the death of her father, (which occurred on the 11th day of May,) or at least as soon thereafter as she had received her letters, have informed herself of their amount, and the disbursements made from them; as she knew, I am satisfied from the evidence, that any balance remaining constituted assets of the estate, for which she was accountable as executrix. Her testimony with regard to the rents received from Wolfe since the death of the testator, and her attempted explanation of her omission to charge herself with them, evidence such a degree of carelessness and inattention as prove her to be an unsafe guardian of the property of others. Her conduct with respect to the rents collected, before as well as after her father's death, is such as to satisfy me that she has not shown that fidelity which the law exacts from a person in her position; but, on the contrary, she has so improvidently and faithlessly managed the property committed to her charge as to render her an unfit person for the due execution of her trust. Section 2817, subd. 3, Code Civil Proc., and cases above cited. It is hardly necessary to add that the fact that the trustee satisfied the decree which charged her with the rents in question—a decree which could have been enforced by proceedings for contempt—does not relieve her from liability to removal. *In re Wiggins*, 29 Hun, 271. I have thus reached a conclusion opposed to that arrived at by the learned referee, and am therefore constrained to overrule his report, and decide that the respondent should be removed from her office as trustee.

### APPLICATION OF HANFORD SMITH AND OTHERS.

RANSOM, S. The evidence warrants the findings contained in the report of the referee, and also the disposition which he made of the requests to find of the petitioner Hanford Smith. The provisions of the Code, as well as the cases cited below, show that it is not necessary to find that the respondent was dishonest, although it is not entirely beyond doubt that she was not. Nor is it necessary to find that she was improvident, in the general sense of that term, to justify her removal; but the grounds specified in the referee's report are sufficient, and compel the court to decree her removal. Code Civil Proc. § 2817, subd. 2; *Estate of Stanton*, 2 N. Y. Supp. 342; *Morgan* v. *Morgan*, 3 Dem. Sur. 616. The case of *Emerson* v. *Bowers*, 14 N. Y. 449, referred to by the respondent's attorney upon the argument, has no application, as the facts relied upon for the removal of the trustee in the present proceeding were not then grounds for removal, and, of course, were not considered. The Code of Civil Procedure has since made them such grounds. See section of Code above cited.