DWIGHT, P. J., and MACOMBER, J., concurred.

Judgment and conviction affirmed, and case remitted to the Court of Sessions of Monroe county to proceed thereon.

---

IN THE MATTER OF PROVING THE LAST WILL AND TESTAMENT OF
HENRY H. BYRON, DECEASED.

*Surrogate's Court — a copy of the stenographer's minutes, when to be paid for out of the estate.*

Section 2558 of the Code of Civil Procedure provides that "the surrogate may order a copy of the stenographer's minutes to be furnished to the contestant's counsel, and charge the expense thereof to the estate if he shall be satisfied that the contest is made in good faith." A will was contested unsuccessfully. Without an order of the surrogate to that effect the contestants procured and paid for a copy of the stenographer's minutes.

*Held*, that the Surrogate's Court had no power, upon an application made subsequent to the furnishing of the minutes, to allow to the contestants the sum thus paid.

*Semble*, that the proponents would have been entitled to notice of such an application if it had been made.

APPEAL by William H. Heath and William H. Parkinson, as executors of the will of Henry H. Byron, deceased, and by Sophia Heath and Mary Parkinson, as legatees thereunder, from so much of a decree, entered in the office of the Surrogate's Court of Erie

county, and bearing date on the 24th day of October, 1890, as directs that "there be allowed to the special guardian of Maud Kirby, an infant, and Robert Byron, for their disbursements, the money and expenses, paid for a copy of the stenographer's minutes of the evidence taken upon the trial of said proceedings for the probate of said will, and being the sum of $456.80, one-half thereof to be paid to said special guardian and the other half to said Robert Byron; also from so much of the further direction of said decree, bearing date the 24th day of October, 1890, as directs that the said sum of $456.80 for a copy of the stenographer's minutes, or any part thereof, be paid by the said estate of Henry H. Byron, deceased, the decedent, with notice that this appeal is brought from proceedings herein had after the will of said deceased was admitted to probate, and is not based upon evidence taken on the trial before the probate of said will, or rulings thereon during the trial."

*Hosea S. Heath*, for the executors and certain legatees, appellants.

*J. M. Humphrey*, for the contestants, respondents.

LEWIS, J.:

There was a contest in the Surrogate's Court of Erie county over the probate of the will of Henry H. Byron, deceased. A decree was entered on the 10th day of September, 1890, admitting the will to probate. It was directed by the decree that the question of costs be reserved to be determined by the further decree of the Surrogate's Court. A motion was thereafter made by the contestants to be allowed as disbursements the sum of $456.80 paid for a copy of the stenographer's minutes of the evidence taken upon the trial.

They presented, upon the motion, affidavits showing that by direction of their counsel they procured of the official stenographer of the Surrogate's Court a copy of the minutes of the testimony, and that Byron paid the sum named therefor. No order was obtained, prior to the furnishing of the minutes, directing them to be furnished to the contestants. The proponents opposed the motion, and their affidavits show that they had procured a part of the stenographer's minutes for use upon the trial at an expense of $332, and had them at the time the contestants procured their copy.

This appeal is upon a question of law, and not from a decree rendered upon the trial by the Surrogate of an issue of fact, and the

case required by section 2576 of the Code of Civil Procedure was not necessary. The practice suggested in Redfield's Law and Practice in Surrogate's Courts was followed, and, we think, correctly. All the papers are before us upon which the surrogate acted in making the supplementary decree appealed from. Section 2558 of the Code of Civil Procedure provides that "the surrogate may order a copy of the stenographer's minutes to be furnished to the contestant's counsel and charge the expense thereof to the estate, if he shall be satisfied that the contest is made in good faith."

The contestants having been unsuccessful in the litigation were not entitled to any costs. They were not entitled, at the expense of the estate, to reimbursement for moneys they may have paid for minutes of testimony without an order of the Surrogate's Court. That court being one of limited jurisdiction, its power to grant the order was derived from the section of the Code mentioned, and that section, it will be seen, contemplates that the application for the order shall precede the furnishing of the minutes. The proponents were entitled to notice of such application. (*In the Matter of the Probate of the Will of Budlong, Deceased*, 33 Hun, 235.) Had the application been made before the minutes were furnished, it would have been made to appear to the Surrogate that his official stenographer had already furnished a copy of most of the testimony to the proponents, for which he had charged them the sum of $332. An investigation would have, undoubtedly, shown that the stenographer, when he made the copy for the appellants, took a duplicate impression and had on hand an extra copy of the evidence. It would have afforded the appellants an opportunity to loan to the contestants their copy of the evidence, and thereby save the expense of another copy.

This case very aptly illustrates the propriety of the provision of the Code requiring that the application for the order should precede the furnishing of the minutes. The course pursued gave to the stenographer an opportunity to secure $456.80 for an exceedingly small outlay on his part. If properly regulated, the services of a stenographer probably facilitate the business of our courts. They, at least, conduce to correctness, but, unless a careful supervision is exercised over them by the courts, their charges become exceedingly burdensome to the litigants.

If this order is allowed to stand, there will be taken out of this estate for the work of a mere clerk, in copying the minutes of the trial, $788.80. The stenographer of the Surrogate's Court receives a salary for taking the original minutes. We are not advised as to the value of this estate, but, assuming it to be an average estate, the stenographer's charges would make a serious inroad into the accumulations of the testator. The moving affidavits show that Byron paid the $456.80 to the stenographer. The order provides that one-half thereof shall be paid by the executors to him, and the other half to the guardian of Maude Kirby. Why the guardian should receive a portion of the sum paid by Byron does not appear. We think that the true construction of section 2558 requires that the order should precede the furnishing of the minutes, and that the Surrogate had no power to grant the order appealed from.

That part of the supplementary decree directing the executors to pay the contestants out of the funds of the estate the amount paid to the stenographer should be reversed, with costs.

DWIGHT, P. J., and MACOMBER, J., concurred.

That portion of order of Surrogate of Erie county appealed from reversed, with ten dollars costs and disbursements.