(15 App. Div. 541.)

## In re ENGELBRECHT.

(Supreme Court, Appellate Division, Second Department.   April 6, 1897.)

1. EXECUTORS AND ADMINISTRATORS—REMOVAL—EX PARTE PROCEEDINGS.
   A surrogate's decree is void where it provides that administrators may be removed and their successor appointed on an ex parte application, in case other parts of the decree are not complied with, since Code Civ. Proc. §§ 2685–2687, provide that the removal of an administrator must be made by petition, and after giving the party accused of dereliction an opportunity to be heard; and sections 2693, 2662, 2663, provide that letters of administration can only be granted a successor after all interested parties are cited to appear.

2. SAME—COSTS—IMPROPER CHARGES AGAINST ESTATE.
   In a proceeding to remove administrators and appoint the petitioner in their stead, based on the charge of a conspiracy by them to swindle the estate, the surrogate had no power on petitioner's failure to sustain the charge to allow costs to both parties, including stenographer's fees, against the estate.

Appeal from surrogate's court, Richmond county.

Petition by Mary L. Engelbrecht for the removal of Edward Sprague and Abigail Journeay, administrators of David H. Journeay, deceased.   The administrators appeal from that part of the decree which directs the appeal to be taken, which authorizes an application for a new trial, which allows the petitioner costs and the stenographer's fees, and which makes provision for the ex parte proceeding.   The petitioner appeals from that part of the decree which fails to remove the administrators and appoint a person in their stead, which allows stenographer's fees, which finds that the administrators are not guilty of misconduct, and from that part which directs the costs of administration to be paid out of the estate.   Reversed.

The decree provided that the said administrator Edward Sprague take an appeal to the court of appeals from a judgment of the supreme court at general term, which affirmed a judgment of the supreme court in favor of the plaintiff in an action brought by David H. Sprague as plaintiff against these administrators· as defendants, within four days after the service upon him of a certified copy of the decree with the approval of the acting surrogate indorsed thereon.   And, if the petitioner desired to make an application for a new trial in said action, or to take any proceedings in the supreme court therein, said Edward Sprague.should allow the attorney for the petitioner, in the name of the administrators, to prepare and serve such papers as were necessary to properly present the questions that petitioner desired to present to the court.   The decree further provided that, if the said administrators disregarded the provisions of the decree, ex parte application might be made to the court for the immediate removal of the said administrators by the petitioner, and for her appointment as administratrix in their place and stead. Costs and allowances were made to each party, payable out of the estate, and to James Seaton, a stenographer, the sum of $258, also payable out of the estate.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Calvin D. Van Name, for petitioner.
George J. Greenfield, for administrators.

HATCH, J. The petition which instituted this proceeding resulting in the decree herein, among other things, charged the administrators with conspiring to swindle the said estate by permitting to be charged against the same a promissory note for $5,·000, claimed to have been executed by David H. Journeay in his lifetime, and delivered to Abigail Journeay, the payee therein named, which was, by the latter, transferred to a son of the administrator Edward Sprague. Upon the hearing before the surrogate it appeared that an action had been begun upon the said note against the administrators of the estate in the supreme court, and that the said petitioner asked the administrators for permission to conduct the defense to said action through an attorney selected by her; that such request was granted, and an answer was interposed in the action in the form suggested by the attorney for the petitioner; and upon the trial of the action such attorney was permitted to and did conduct the defense, and had the whole charge thereof. The trial resulted in a verdict for the plaintiff, upon which judgment was entered, and upon request of the petitioner and her attorney an appeal was taken therefrom to the general term of the supreme court, and, the same coming on to be heard, was argued, and the judgment appealed from was thereafter affirmed by said court. 30 N. Y. Supp. 162. Thereupon application was made by the petitioner and her attorney to the administrators to appeal from the judgment of the general term to the court of appeals, which the latter declined to do, and this failure to thus take an appeal was made the basis upon which the surrogate made the decree now before this court. The surrogate found, at the conclusion of the hearing: "That no ground has been established for the present removal of said administrators, and that the petition and the charges therein contained should be dismissed, should this decision be complied with." The surrogate further found that he was doubtful of the success of an appeal to the court of appeals, or of any application which might be made for a new trial of the action. But, "in order to satisfy the said petitioner that she had been fairly and honestly dealt with by the courts in this matter, and on account of the testimony of Abigail Journeay, and that it may be established to her satisfaction that her interests have not been jeopardized herein or in the trial of the suit," the surrogate made his decree that upon compliance with certain conditions therein specified by the petitioner the said Edward Sprague should serve notice of appeal from said judgment to the court of appeals, or, if the petitioner desired to make an application for a new trial, or take any proceedings in the supreme court in the action, the said Sprague should allow the attorney for the petitioner to prepare and serve such papers in the name of the administrators as shall properly present the question desired by the petitioner to be presented to the court. And the surrogate "further ordered that the said petitioner shall have the right to make an ex parte application to the court for the immediate removal of said administrators, and her appointment as administratrix herein, should they disregard the provisions of this decree." We have little difficulty in arriving at

the conclusion that this decree is in many respects remarkable and extraordinary. The finding of the learned surrogate expressly exonerates the administrators from the charge of conspiracy and swindling contained in the petition, and finds that they have been neglectful of no duty which they owed the estate or the petitioner, and that no ground presently exists for their removal; that while an appeal to the court of appeals presents but doubtful chances of success, as well as resort to any other process to obtain a new trial, yet, in order that the petitioner may be fully satisfied that she has been honestly and fairly dealt with by the courts, it is found necessary to make this decree. We may well pause here, and inquire if it is assured that the petitioner will have that full and entire satisfaction in the fair dealing and integrity of the courts if the appeal results as disastrously in the court of appeals as it has at the general term. There is nothing in the papers which show that her state of mind will be that of full and entire satisfaction by the allowance of the appeal; and, unless we can fairly see that this result will be reached, then all basis for this decree is swept away. If the only purpose of the decree is to compose the mind and restore the faith of the petitioner in the fairness of the courts, then she ought to have been required at least to stipulate that such result had been attained before the decree was made or entered, otherwise we have no assurance that her state of mind or faith in the courts has been securely established, as the court upon appeal may, unless this be done, produce a complete wreck of both by an adverse decision. And, indeed, it should be required that she be concluded from unsettling her mind, no matter what the decision upon appeal may be; and also that such composure and faith must be complete and all-embracing, including the courts which have already passed upon this matter as well as those which may hereafter consider it; for, unless this result is accomplished, everything which the decree contemplates will be lost, and what has been brought forth with so much labor and travail ought not to be placed in jeopardy by the omission of so slight, and at the same time so certain, a safeguard.

These observations make it clear that some provision ought to have been inserted in the decree to certainly accomplish the end sought to be worked by it. But, while we recognize that a pressing necessity exists in this regard, we find ourselves helpless to supply the need. In further consideration of the decree, we find that the only direction contained therein is that the said administrator, Edward Sprague, shall take the appeal to the court of appeals, and that he alone shall allow to be presented to the court any questions desired to be presented by the petitioner or her attorney. It is true that Abigail Journeay, the administratrix, is not required by the decree to do anything. But, unless she bestirs herself and does something, although the decree does not command her to do it, she is to be removed without a hearing. It is therefore evident that her position is one of decided uncertainty as well as one of extreme peril, while the position of her co-administrator is scarcely better. If the administratrix refuses to allow an appeal to be-

taken, or withdraws one if it is taken, what is he to do? She is vested with as much authority as he is, and, unless she consents, how is he to comply with the decree? It is quite clear, therefore, that serious complications may arise if literal compliance be attempted.

Thus far it has been our aim to faithfully and correctly set forth the things which we find present in this decree. We are called upon, notwithstanding its earnest spirit and conscientious effort, to settle forever the peace of mind of the petitioner, to consider the legal consequence of the decree itself. There is respectable authority for holding that a surrogate's court has no power to compel an administrator to prosecute or defend any action or proceeding, or to control him in the orderly discharge of his duties. In re Parker, 1 Barb. Ch. 154; Wood v. Brown, 34 N. Y. 343; In re McCabe's Estate (Surr.) 18 N. Y. Supp. 715. The Code of Civil Procedure (section 2685) confers power upon the surrogate to remove an executor or administrator in a proper case, in consequence of which he has jurisdiction of the subject-matter of the proceeding. We do not find it necessary now to determine whether the surrogate was vested with authority to direct the administrators in this proceeding to take an appeal from the judgment which had been rendered, and make the noncompliance therewith a basis for their removal. However this may be, it is clear that the decree, so far as it provided for the removal of the administrators upon an ex parte application, and for the appointment of the petitioner as administratrix in their stead, was void, and utterly beyond his jurisdiction. Before the surrogate can exercise this power, application by petition is an essential requisite, which must set forth the facts and circumstances showing the case to come within one of the provisions authorizing the surrogate to act, and praying that a citation issue to the offending person; and a citation must issue, and opportunity must be given for a hearing by the party accused of dereliction, before the surrogate can act. Code Civ. Proc. §§ 2685–2687. This proceeding was properly commenced by petition. The surrogate had the parties before him, and he made his decree. That decree was final and complete. It contained no provision that the parties should again appear before the court. The hearing was closed, and the proceeding finished. It is true that by its provision one administrator was required to do certain things. But there was no provision in the decree or other order of the surrogate which continued the proceeding until those acts were performed. In consequence of which, giving to its provision full effect, if the administrator failed to comply with the decree, he became again liable to be cited before the surrogate to answer for his disobedience. But he incurred no other liability which could be properly enforced until he was again brought before the court, and for any dereliction of duty then charged against him he was entitled to be heard in his defense before any lawful order could be made. It was, therefore, clearly in excess of any power possessed by the surrogate to provide, by decree or otherwise, that the administrator could be removed without this notice and hearing. If the surrogate had

possessed authority to remove the administrators, he possessed no authority to summarily, and upon an ex parte application, appoint the petitioner as their successor. His authority in this regard is regulated by statute. When letters of administration are revoked, the surrogate is only authorized to grant letters of administration to the successor in like manner as if the former letters had not been issued; and the same proceedings are required. Code Civ. Proc. § 2693. And this is required to be done upon petition setting out the facts upon which persons interested must be cited to appear. Id. §§ 2662, 2663. In the present case the record discloses that there were other persons interested in the estate who were entitled to a hearing, and at least one person who would be entitled to letters of administration equally with the petitioner. It is clear, therefore, that so far as the decree authorized the removal of the administrators and the appointment of the petitioner in their stead, upon an ex parte application, the surrogate had no power to make it, and the same was absolutely void.

The surrogate also charged the costs of the proceeding for both parties upon the estate. Upon what basis the amount of these allowances were arrived at does not appear from the record. Costs and allowances are made as an indemnity to the successful party, and, except in certain specified cases, which have no application to this proceeding, are never allowed to an unsuccessful party. The object of this proceeding was to remove these administrators, and appoint the petitioner in their stead, based upon the charge of a conspiracy to swindle the estate. The charge failed, and we know of no legal or equitable basis upon which costs could be allowed under such circumstances against this estate. The item of stenographer's fees, allowed in the decree, and from which both parties appeal, is also without the sanction of any law to sustain it. Stenographer's fees for furnishing minutes may be allowed in certain cases arising upon the contest of a will. Code Civ. Proc. § 2558. But even then the order for such copy must precede the hearing, or no allowance therefore can be made. In re Byron's Will (Sup.) 16 N. Y. Supp. 760. Parties may, by stipulation, create a liability for stenographer's fees, which may be enforced in accordance therewith. But in the present case we are not able to find any authority in law for the allowance of these fees, and no stipulation was made by the parties in respect thereto. It seems impossible, therefore, to uphold this decree so far as the allowances are concerned. It may be that there exists a good defense to the note which became the subject of this controversy. The petitioner has been singularly unfortunate in not placing herself in a position to contest the consideration for it. But, whatever may be her rights to now make a contest of this claim, and raise the question, if she have any, it certainly does not reside in the proceeding which occasioned this decree.

It follows that the decree should be reversed, with costs, payable by the petitioner personally. All concur.