In re SPRAGUE.

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

1. EXECUTORS AND ADMINISTRATORS—FINAL ACCOUNTING—BURDEN OF PROOF.
Where an administrator on final accounting produces vouchers for all items of expense for which he asks to receive credit, the burden is on a contestant to show that the items were not just claims against the estate.

2. SAME—CONSPIRACY TO CHARGE ESTATE WITH CLAIM.
On discovery of a note which a decedent had made to his mother, who had transferred it, an heir gave notice to the administrators to reject the same. When an action was brought on the note, the heir's attorney was furnished a copy of the complaint, and consulted about the answer, which was drawn substantially as he directed. He prepared the case and conducted the trial on the theory that undue influence had been used, and that the note was without consideration, but the court limited the issue to the one whether decedent executed the note, authorizing the jury to consider on that issue whether there was no consideration. The jury returned a verdict for the assignee of the note, and the judgment entered thereon was affirmed on appeal. *Held*, that the administrators and their attorney did not conspire to have the note made a charge against the estate.

Appeal from surrogate's court, Richmond county.

Final settlement of the accounts of Edward Sprague as surviving administrator of the estate of David H. Journeay, deceased. From a decree settling the accounts, Mary L. Engelbrecht, contestant, appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Calvin D. Van Name (Mortimer S. Brown, on the brief), for appellant.

George J. Greenfield, for respondent.

HATCH, J. Abigail Journeay, the mother, and Edward Sprague, the brother-in-law, were duly appointed administrators of the estate of David H. Journeay, deceased. Before the application for final accounting, Abigail Journeay died, and the petition for the accounting was by the surviving administrator, Sprague. The record presently before us does not contain the vouchers which the administrator produced upon the accounting. It is not claimed by the appellant, however, but that such vouchers, representing payment of costs and expenses, were produced and submitted to the surrogate upon the final accounting, or but that they covered all of the items of expense for which the administrator asked to receive credit. The burden was therefore cast upon the contestant to show that the items paid by the administrator and represented by the vouchers were not a just debt or claim against the estate. Boughton v. Flint, 74 N. Y. 476, 485; In re Frazer, 92 N. Y. 239, 247. The acting surrogate before whom the accounting proceedings were had has found that the items of debts and expenses which were charged against the estate were properly paid by the administrator, and he has allowed the same as proper payments to the full amount. It is quite clear that the evidence produced before the acting surrogate supports the conclusion which he reached. It is not necessary that we discuss in detail the evidence in favor of the several amounts which the decree supports. The main contention on the part of the appellant relates to an item of $5,000, represented by a promissory note given by the deceased, David H. Journeay, to his mother, Abigail Journeay, prior to his death. The history of this note, and the proceedings taken in connection with it, are quite familiar to this court, and the several claims which are made by the appellant have been the subject of review by the court to a greater or less extent. Sprague v. Sprague, 80 Hun, 285, 30 N. Y. Supp. 162; In re Engelbrecht, 15 App. Div. 541, 44 N. Y. Supp. 551. Several grounds are now advanced by the appellant why the administrator should not be allowed for the amount of this note. In substance, they are that David H. Journeay was of unsound mind at the time that he executed and delivered the note; that there was no consideration for the same; that the evidence in support of the note given by Abigail Journeay was contradictory, unreliable, and clearly established that there was no consideration whatever for the note; that the attorney for the administrators, and the administrators themselves, formed a conspiracy to have the said note made a charge against the estate of David H. Journeay. We have carefully examined the record in the present case, and reached the conclusion that no ground exists for making the very serious charge against the attorney and the

administrators of the estate. It appears, either by undisputed proof or by written and oral testimony clearly sufficient to establish the fact, that, when the existence of the note was first discovered, Mrs. Engelbrecht immediately gave notice to the administrators to reject the same, and resist its being made a charge upon the estate. The attorney for the administrators was thereupon instructed to permit Mrs. Engelbrecht, through her own attorney, to take such steps in reference to defeating said note as a claim upon the estate as the attorney selected by her should advise; and it is clear that, after action was brought by the assignee of the note against the representatives of the estate, Mrs. Engelbrecht and her attorney were furnished with the summons and complaint, were consulted about the drawing of the answer, and that the answer which was put in was in all respects such an answer as was directed by the attorney to be drawn, and raised every issue in the action which was suggested by him. In view of the fact that the note had been given to Abigail Journeay, and had been by her transferred to the plaintiff, it was as clear then as it is now that the administrators and their attorney sought to give to the attorney for Mrs. Engelbrecht the sole power and authority to take such steps as he deemed wise to defeat such claim; and this for the reason—as apparent then as now—that they stood in relation thereto as more or less parties in interest, and for that reason declined to accept or take any responsibility as to the defense which should be made. The attorney for Mrs. Engelbrecht was therefore given as full power in the premises as though he were in fact the attorney for the administrator. He was clearly aware of the issue presented by the pleadings, for he had possession of the complaint and the answer from the time that issue was joined. He prepared the case for trial, conducted the trial in person, and it was not possible for the administrators to have conferred upon him more authority in making that contest than was given to him. The whole trial was conducted by the attorney for Mrs. Engelbrecht, until the charge of the court, upon the theory that Abigail Journeay was the dominant party as between herself and David Journeay, and that she exercised a controlling influence over him; that the note was without consideration to support it; and up to the time of the charge of the court, so far as is disclosed by this record, not a suggestion was made that all of these defenses were not available. It is therefore not only a fair, but a necessary, assumption that the attorney conducting the defense produced all the testimony that was available to him, to show not only that the note was never in fact executed, but that it had no consideration if it were. When the court charged the jury, it limited the issue in a material respect, as it charged that the only question for the jury to determine was whether the note was executed by David H. Journeay; and as bearing upon that proposition the jury were authorized to consider the question as to whether in fact there was any consideration for the note. For such ruling by the court, and for the framing of the answer in the form in which it was framed, the administrators and their attorney were in no sense responsible;

nor were they called upon to do more in the premises than they had already done. The notification to them in the first instance had been that Mrs. Engelbrecht's rights were to be protected, not by them or their attorney, but by the attorney selected by her; and this arrangement was carried out and fulfilled without the slightest ground for any charge of bad faith upon their part. The attorney for Mrs. Engelbrecht made a mistake in not drawing his answer sufficiently broad to raise all the issues which he desired to raise, but for such mistake he has no one to charge but himself. He is the person solely responsible therefor. The result of that trial was a verdict rendered by the jury in favor of the plaintiff for the amount of the note, and thereafter judgment was entered thereon. Subsequently an appeal was taken to the general term, which resulted in the affirmance of the judgment. The subsequent proceedings which have been had only serve to make clear the facts we have above narrated. They have added nothing to the conditions as they existed prior to the trial of the action, and the attorney for Mrs. Engelbrecht has not been able to produce any new facts which have transpired since the trial that at all tend to support his claim of conspiracy, or that the note was not executed, and was based upon no consideration. All of the facts he knew as well then as he knows them now, or, at least, if he did not, he alone was the person chargeable. Under such circumstances, to now say that the administrator should be charged with the amount of the judgment, which the estate was bound to pay, with interest and expenses connected therewith, is to make a claim utterly destitute of merit, and which no court having any sound view of equitable considerations would for a moment entertain. We think, therefore, that the decree of the learned acting surrogate in settling the accounts of the administrator was a just decree, and the only one which upon the facts he could legally render. As to the other items of the account, we have already suggested that the administrator presented vouchers showing their payment, and the appellants in no sense successfully bore the burden necessary to their overthrow.

It follows that the decree of the surrogate should be affirmed. All concur.