(118 App. Div. 296)

### BELDEN v. BELDEN et al.

(Supreme Court, Appellate Division, First Department. March 22, 1907.)

EXECUTORS AND ADMINISTRATORS—LETTERS OF ADMINISTRATION—REVOCATION.
　　Where letters of administration were revoked by a decree admitting a will to probate, the authority of the administrator ceased, and it was not revived by the fact that such decree was subsequently set aside.
　　Patterson, P. J., and Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by Henry Belden, as administrator, against William Belden and others. From an order denying a motion to declare the action abated unless the same be revived, defendants appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Abram I. Elkus, for appellants.
Charles L. Craig, for respondent.

McLAUGHLIN, J. On the 31st of August, 1902, Henry Belden, then a resident of the city of New York, died. On the 14th of June, 1904, letters of administration were issued to the plaintiff, and as such, he shortly thereafter brought this action to compel the defendant William Belden, and other nominal defendants claiming through him, to account for certain property alleged to belong to the intestate. In October, 1904, the defendant William Belden discovered what purported to be the last will and testament of Henry Belden, deceased, and he filed the same for probate and on the 24th of March, 1905, the same was duly admitted to probate by one of the Surrogates in

the county of New York, and in the decree admitting it to probate the letters of administration issued to this plaintiff were revoked, and letters testamentary issued to the three persons named in the will as executors. In June, 1906, one of the persons interested in the estate of the decedent brought an action under section 2653a of the Code of Civil Procedure to obtain an adjudication that the paper admitted to probate was not the will of Henry Belden. The action thus brought resulted in a judgment, to the effect that the paper was not the last will and testament of Henry Belden, deceased, and probate thereof was in all respects invalid. A certified copy of the judgment was thereafter duly filed, as provided in the section of the Code referred to, with the clerk of the Surrogate's Court. Subsequently this action being upon the day calendar, and about to be reached for trial, the defendants, by an order to show cause, moved that the same be declared abated, unless properly revived by the estate of Henry Belden within a period to be fixed by the court. The motion was denied, and defendants have appealed.

I am of the opinion the order should be reversed. The plaintiff ceased to be administrator when the decree of the Surrogate's Court was entered canceling and revoking his letters. He could neither bind the estate, nor could any proceeding against him have any effect upon the estate. Taylor v. Savage, 1 How. (U. S.) 282, 11 L. Ed. 132. The decree so provides. It is that the letters of administration theretofore issued to him "be, and the same hereby are, revoked, and all authority and right of the said Henry Belden as such administrator are hereupon to cease." The fact that the decree admitting the will to probate was subsequently vacated and set aside is of no importance, because that did not reverse or reinstate the decree which revoked the letters of administration issued to the plaintiff. The judgment simply determined that the paper writing produced, purporting to be the last will and testament of Henry Belden, is not his last will and testament, and that the "decree and probate thereof was and is in all respects invalid." When the letters of administration issued to the plaintiff were revoked he ceased to be an administrator and had no authority to in any way bind the estate formerly represented by him. When letters of administration are revoked, the Surrogate's Court is only authorized to grant letters of administration to the successor in like manner as if the former letters had not been issued and the same proceedings are required (Code Civ. Proc. § 2693), and this is to be done upon a petition setting out the facts, showing that the person applying for letters is entitled to them, and if there be other persons having an equal right, then they must be cited to appear. Id. §§ 2662 and 2663; Matter of Engelbrecht, 15 App. Div. 541, 44 N. Y. Supp. 551. When the plaintiff was appointed administrator, he gave a bond, with a surety satisfactory to the surrogate, for the faithful discharge of his duties as such. The decree revoking the letters released the surety from future liability, nor was any liability imposed upon the surety by the judgment in the Supreme Court, declaring the decree admitting the will to probate invalid. One cannot act as an administrator without giving a bond, and this is an additional

reason why it cannot be held that the judgment in the Supreme Court did not reinstate the respondent as administrator.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, unless the action be properly revived by some one representing the estate of the deceased, within 20 days after service of a copy of the order of this court, and notice of entry of the same.

INGRAHAM and CLARKE, JJ., concur. PATTERSON, P. J., and HOUGHTON, J., dissent.