In the Matter of the Estate of MORRIS SHAPIRO, Also Known as MORRIS COHN, Deceased.

Surrogate's Court, Bronx County, April 25, 1933.

*Herman Weiss*, for the administratrix.

*Samuel H. Stuttman*, for the administratrix *de bonis non*.

HENDERSON, S. This is a motion for the retaxation of the bill of costs of the accounting administratrix.

Her letters were revoked upon the application of decedent's second wife on the ground that they were obtained by a false suggestion of a material fact in that the administratrix omitted to allege and concealed the fact that the decedent was survived by a widow and two non-resident children in addition to those named in the petition for administration.

The former administratrix is the oldest daughter of the decedent and did not oppose the application to revoke her letters. She consented to the revocation decree but on the settlement thereof

she contended that the decedent had made his home with her and for a period of about ten years had not lived with his widow who refused to live and cohabit with him; that decedent on several occasions told her that he and his second wife had been divorced, and that she believed such statement and had no reason to doubt it. The recital to the effect that the administratrix had concealed such material fact was intentionally stricken from the proposed decree before it was signed and entered. Letters of administration *de bonis non* have since been issued to the widow.

Similar allegations were made in the petition of the former administratrix for the judicial settlement of her account. They have not been denied. One of the objections to her account was withdrawn. As to another, she withdrew her alleged credit for payment of $120 board for decedent. She also withdrew her claim for $100 in connection with a headstone. After trial, the objections to the following items in her account were dismissed and credits therefor allowed as claimed: Payments of claims for medical services and medicines, aggregating $190.36; payment of unpaid balance of judgment against decedent, $500.57; legal services in settlement of action against decedent, $50. The objection to the credit of $150, claimed for payment of legal services rendered the administratrix, was sustained solely because they would necessarily be duplicated for the successor representative at the expense of the estate or were rendered after the revocation proceeding. This was the only objection that was sustained. The decree settling her account has been entered. It denied her any commissions but directed her to retain the sum of $79.50, the amount of her costs as allowed and taxed by me.

Although her letters were revoked because the decedent left a widow who was entitled to administration in preference to all other persons, the former administratrix committed no intentional fraud in applying for letters and has acted honestly and in good faith in the management of the estate. If the dismissed objections to her account had been well founded, she would have been surcharged in the sum of $740.93. She was represented at the trial by an attorney at law. Her successful resistance to the attempted surcharge and the other circumstances above set forth are persuasive arguments for allowing her costs for such contest. There is authority for such exercise of discretion in somewhat similar situation. (Surr. Ct. Act, §§ 276, 278; *Ellis* v. *Kelsey*, 241 N. Y. 374, 381; *Matter of Ducker*, 146 Misc. 899.) The cases cited on behalf of the administratrix *de bonis non* are not now in point, for in the three that have some kinship to the present proceeding there is an element of malfeasance (*Matter of Howell*, 215 N. Y. 466, 470), or of active and

willful fraud (*Matter of Nouman*, N. Y. L. J. Apr. 17, 1933), or of conversion and improvident waste (*Matter of Stanton*, 2 N. Y. Supp. 342). The fourth case dealt in a somewhat humorous vein with a decree, in some respects " extraordinary " and " void," entered in a revocation proceeding, where the petitioner also sought appointment in place of the respondents, based upon the charge of a conspiracy to swindle the estate. The charge failed, and the allowance of costs to both parties out of the estate was reversed. The decree met the same fate (*Matter of Engelbrecht*, 15 App. Div. 541, 547).

All the facts and circumstances in this matter were before the court and considered upon the taxation of costs and the settlement of the decree, and nothing new or different has been submitted upon this motion. The motion is in all respects denied, with ten dollars costs. Settle order.