In the Matter of the Application of SARAH J. SHELDON, an Heir at Law of SARAH J. B. TOMPKINS, Deceased, for an Order Enjoining the Administrator of the Estate of the Said SARAH J. B. TOMPKINS, from Proceeding with the Foreclosure of Mortgage against FRANKLIN M. TOMPKINS.

MAYNARD H. TOMPKINS, as Administrator, etc., of SARAH J. B. TOMPKINS, Deceased, Appellant; SARAH J. SHELDON, Respondent.

Second Department, July 6, 1942.

*Charles F. Dalton,* for the appellant.

*Israel Ben Scheiber [Harry Levy* with him on the brief], for the respondent.

HAGARTY, J. Letters of administration upon the estate of the decedent were granted to appellant, a son of the intestate, on the 15th day of April, 1940. Among the assets was a bond, secured by a mortgage, maturing on the 1st day of June, 1935, in the sum of $4,000, bearing interest at the rate of six per cent per annum, executed and delivered by Franklin M. Tompkins, another son, to the intestate on the 14th day of June, 1932. Nothing has been paid on account of principal or interest. The administrator instituted a foreclosure action in the Supreme Court on the 6th day of March, 1941.

Thereafter, on petition of respondent, a daughter of the intestate, the decree we are reviewing was made, requiring the administrator to relinquish the remedy of foreclosure and to accept a deed to the property in lieu of the obligation, in accordance with an offer made by the mortgagor. Respondent avers that the administrator is motivated by malice; that the agreement between the mortgagor and the intestate, despite the language of the written instruments, was that the mortgagor should pay no interest; and that prosecution of the foreclosure would result in unnecessary expense to the estate. The remaining children of the intestate, two sons, are opposed to the application.

The learned surrogate, in granting the motion, stated that on the argument it was conceded that the value of the property was approximately $6,000 to $7,000, and held that the acceptance of a deed would gain for the estate all the benefits to be derived from foreclosure and save it the attendant expense. Irrespective of the soundness of the disposition by the surrogate as a practical solution, he was without power to enjoin the administrator from proceeding with the foreclosure action and to direct him to dispose of the controversy by accepting a deed to the mortgaged property in lieu of foreclosure.

The power conferred by statute upon the Surrogate's Court to " direct and control the conduct * * * of executors, administrators, * * * " (Surr. Ct. Act, § 40, subd. 3) does not extend to control of such fiduciaries in the orderly discharge of their duties to the extent of compelling them to prosecute or defend actions or proceedings or to refrain or desist therefrom.

In *Matter of Parker* (1 Barb. Ch. 154, 155, 156) Chancellor WALWORTH held that the contemporaneous statute (2 R. S. 220,

§ 1, subd. 3), containing the power to direct and control the conduct of the fiduciaries, did not " give to a surrogate a new and extraordinary power to direct and control the conduct of executors and administrators, relative to suits and proceedings in other courts, which power had never before been exercised by the surrogates, or by the court of probates, in this State, or by the ecclesiastical courts in England." He further pointed out that "The only proper course, therefore, is to leave it to the executor, under his oath of office faithfully and honestly to discharge the duties of executor; * * *. And if he violates his duty in this respect, by subjecting the estate to the expense of a useless litigation, * * * he should not be allowed, in his accounts, for the loss which the estate sustains by such improper conduct." That determination has been approvingly cited by the Court of Appeals (*Wood* v. *Brown*, 34 N. Y. 337, 343) and by this court (*Matter of Engelbrecht*, 15 App. Div. 541, 545).

In our opinion, the scope of the power of a surrogate to control the conduct of an administrator is analogous to that defined in *City Bank Farmers Trust Co.* v. *Smith* (263 N. Y. 292, 295), where it was stated with respect to a trustee that " Even though the courts may have power to control the action of a trustee by instructions or advice, such power may be invoked by the trustee only where, upon established equitable principles, instructions or directions are required for his protection and the discharge of his trust. Trustees are not entitled to instructions ' with reference to questions relating to the administration of a trust where the trustees were authorized to exercise their discretion with reference thereto.' (*Hill* v. *Moors*, 224 Mass. 163, 165.) "

The decree should be reversed on the law, with costs to appellant, payable out of the estate, the petition denied, without costs, and the matter remitted to the Surrogate's Court for the entry of a decree accordingly.

LAZANSKY, P. J., and JOHNSTON, J., concur; CARSWELL, J., concurs with the following memorandum: The respondent is not without remedy. If it develops, as this record indicates, that the prosecution of the foreclosure action is an improvident act under the circumstances, causing unnecessary expense to the estate, the administrator may properly be subjected to surcharge; ADEL, J., dissents and votes to affirm.

Decree of the Putnam County Surrogate's Court reversed on the law, with costs to appellant, payable out of the estate, the petition denied, without costs, and the matter remitted to the Surrogate's Court for the entry of a decree accordingly.