S. Samuel Di Falco, S.
The executor, a corporate fiduciary, has filed an intermediate account of its administration of this estate. The will directs that the entire estate be held in trust for the benefit of the decedent’s daughter, Melinda Geffen, until she shall attain the age of 30 years. The same corporate fiduciary is trustee of this trust. The will authorizes it to invade principal for the benefit of the daughter, and directs that the principal be paid to the daughter at age 30. She has attained her majority, but has not yet reached the age of 30 years. The will makes no disposition of the fund in the event of her death before that time, but being the decedent’s sole distributee, she is vested with ultimate ownership of the trust fund in every eventuality. The daughter has filed objections to the account which challenge only one series of transactions of the fiduciary, namely, the institution and continuance of an action in the Supreme Court against her father. She charges that the continuance of the litigation “ is a needless and unwarranted waste of the corpus of my trust and [I] am absolutely opposed to their continuance.”
Two applications are now before the court for decision: (1) .an application by the daughter to compel the trustee to settle and discontinue the action; and (2) a motion by the trustee to dismiss the objections as insufficient in law.
*735 (1) The details of the action and its background are not stated fully in any of the papers, but from the account of the executor and from oblique references in the argument, it appears that the decedent and her husband had separated and had executed a written agreement providing, among other things, for the sale by the decedent to her husband of an interest in a partnership, Geffen, Dunn and Company. In a supplementary writing, the husband agreed to pay all Federal and New York income taxes which might be assessed against the wife for the year 1949. There appears to be a difference of opinion as to whether the supplementary agreement merely expressed something implied in the main agreement, and there is a substantial dispute between counsel as to whether the supplementary agreement covers a partnership fiscal year which ended on January 31,1950. At any rate, the executor, under its interpretation of the agreements, claims that the decedent’s husband owes the estate approximately $50,000 for income taxes which he is obligated by his agreement to pay. The husband denies any liability on the ground that taxes were not assessed for the year stated in his agreement. An action was brought against the husband in the Supreme Court. The complaint was later amended to include a rescission of the contract and recovery of all interests transferred by the decedent and recovery of certain debts owed by the partnership to the decedent, which the contract between husband and wife apparently attempted to extinguish. There is reference in the papers to a possible recovery of $521,800, although this would seem to be expressed in terms of the maximum amount demanded, rather than in terms of probable expectation of recovery. Another action was instituted by the executor against Geffen, Dunn and Company to recover a sum allegedly the property of the decedent, which was left in the capital account of the firm. The dispute herein does not seem to be much concerned wtih this separate action.
The daughter of the decedent and her father maintain the normal and affectionate relationship of parent and child. The daughter says that the continuance of the litigation has placed a strain upon this relationship, has aggravated her for many years, and continues to aggravate her. She believes that her best interests will be served by the discontinuance of the action, and that the advantages of discontinuing it far outweigh any benefit which might accrue to her if judgments should be obtained against her father. She has repeatedly requested the executor-trustee to discontinue the action, and it refuses absolutely to do so. She has offered to release the fiduciary from any liability *736 which it might incur to her by reason of the discontinuance. She states that for the purpose of terminating the litigation her father has offered to pay to the estate the sum of $12,500. She asks the court to direct the executor to accept the offer and to terminate the litigation.
In its answering papers the fiduciary challenges the right of the court to compel it to discontinue the actions, or either of them.
Family settlements have always been looked upon with favor by the courts. As Judge Pound sagely observed: “ The right to litigate is common to rich and poor but a disposition to adjust family differences without litigation, although resulting in mutual sacrifices of asserted legal rights, might have kept this controversy out of the courts.” (Matter of Crouse, 244 N. Y. 400, 402-403.) The disposition to adjust family differences is present in this case insofar as the family is concerned. The executor does not share in that disposition, however. While this court has authority under section 40 of the Surrogate’s Court Act, to “ direct and control the conduct * * * of executors * * * and testamentary trustees ”, this grant of authority does not permit the Surrogate to substitute his judgment and discretion for that of the fiduciary. A long line of authority indicates continued adherence to the well-established rule that in the absence of an abuse of discretion, the court may not interfere with the exercise of judgment and discretion on the part of a fiduciary. (City Bank Farmers Trust Co. v. Smith, 263 N. Y. 292; Matter of Shea, 234 App. Div. 176, 179; Matter of Hilton, 174 App. Div. 193; Matter of Hayden, 172 Misc. 669, 682; Matter of Brettell, 176 Misc. 872; Matter of Bouvier, 205 Misc. 974, 975.)
The decision to continue litigation or, on the other hand, to compromise and settle the issues “ calls for the exercise of judgment ”. (Matter of Leopold, 259 N. Y. 274, 278.) In the cited case an application was made to the Surrogate by one administrator for a judicial direction that his coadministrator join him in approving the settlement of an action brought against them. The Court of Appeals said: ‘ ‘ The administration of a decedent’s estate requires the exercise of judgment and discretion. The Surrogate has power to review that discretion, but not to substitute his own discretion for the discretion of those upon whom the duty has been cast of settling the affairs of the estate. Section 213 of the Surrogate’s Court Act empowers the Surrogate to review the discretion of the fiduciaries in advance of an accounting and thus to protect fiduciaries against a charge *737 that they had injured the estate by negligence or bad judgment. By approval in advance of a compromise agreement, the Surrogate can afford protection to an administrator compromising a claim. He cannot compel a coadministrator to join in the compromise if the coadministrator deems it ill-advised ” (p. 277). Again in Matter of Tompkins (264 App. Div. 612, 613), the court was asked by a beneficiary to compel the administrator to discontinue a foreclosure action and to accept a deed in accordance with an offer made by the administrator. The Surrogate granted the request, but the Appellate Division reversed that decision. The charge was made that the administrator was motivated by malice and the Surrogate was of the view that the acceptance of the offer was for the best interest of the estate. The Appellate Division said: 11 Irrespective of the soundness of the disposition by the surrogate as a practical solution, he was without power to enjoin the administrator from proceeding with the foreclosure action and to direct him to dispose of the controversy by accepting a deed to the mortgaged property in lieu of foreclosure. The power conferred by statute upon the Surrogate’s Court to ‘ direct and control the conduct * * * of executors, administrators * * * ’ (Surr. Ct. Act, § 40, subd. 3) does not extend to control of such fiduciaries in the orderly discharge of their duties to the extent of compelling them to prosecute or defend actions or proceedings or to refrain or desist therefrom.”
The court is, therefore, compelled as matter of law to deny the application of the sole beneficiary of the trust for a direction to the executor to settle and discontinue the lawsuits. This decision is based upon the lack of authority to grant such relief and is not to be construed as in any way approving of the action of the executor. It is, of course, without prejudice to the right of the beneficiary to hold the fiduciary accountable for its acts and transactions and to object to any loss or expense that mig'ht result to this estate by reason of the litigation.
The court notes that on page 12 of the memorandum submitted by the executor-trustee, the fiduciary challenges the allegation that the daughter is the only person interested in the estate, and it says that the “ Executor and Trustee would benefit from the successful prosecution of the suits”. Personal benefit to the executor-trustee is not to be taken into account by it when it determines how it should exercise its judgment and discretion.
(2) The executor-trustee moves to dismiss the answer and objections to the account on the ground that they are not proper *738 objections, raise no issue, “ and on the ground that the respondent filing the objections is not of the class of persons entitled to file those objections.” The answer is chiefly directed to the continuance of the lawsuits. For the reasons stated in disposing of the daughter’s separate application, the objection to the conduct of the executor must be dismissed.
The answer is also directed to that part of the petition which requests that the compensation of the petitioner’s attorney be fixed in the sum of $3,500. The respondent does not object to the total sum requested, but contends that it should include all services rendered and to be rendered in connection with the complete administration of the estate, including all services in connection with the lawsuits. In other words, her position, as the court understands it, is that there should be no other legal fees in connection with the executorial administration of this estate.
In lieu of testimony as to the services rendered by the attorney, he has submitted an affidavit of legal services. That affidavit does not clearly state the services for which compensation is now being sought, and it may cause future misunderstanding and confusion. The attorney details many services in connection with the disputed litigation, but it is not clear whether he intends such services to be covered by the requested fee. Moreover, the attorney states that there are other services in connection with the estate, including the accounting proceeding, which are not set forth in detail in the affidavit, and it is not clear from the affidavit whether the requested fee is to cover such services or whether he intends to make a further request at some future time.
In order to. give the court a clear basis for understanding the body of services for which compensation is now sought, the attorney for the petitioner is directed to file a supplemental affidavit of services. That affidavit must explicitly identify the services covered by the present request, and must explicitly exclude the items of service, if any, which are not to be covered by the fee. The court will fix the value of such services upon the settlement of the decree herein.
The objections do not appear to raise any other issue with respect to the account. A decree may therefore be submitted on notice settling the account accordingly.