(20 Misc. Rep. 233.)

### CAVANAGH v. O'NEILL.

(Supreme Court, Special Term, New York County.   May, 1897.)

1. CUSTOMS AND USAGES—FEES OF STENOGRAPHERS.
   An alleged custom of stenographers to charge 20 cents per folio for copies of their minutes is not established by evidence that "the custom is to pay from 15 to 20 cents a folio," since such evidence negatives the requirement of uniformity.

2. SAME—KNOWLEDGE OF CUSTOM.
   A person is not chargeable with knowledge of a custom where the only evidence in regard thereto in his express denial under oath that he has any knowledge of it.

Action by Mary Cavanagh against Hugh O'Neill.   Plaintiff moves to punish the official stenographer for contempt in refusing to deliver a copy of his minutes unless paid 20 cents a folio.   Granted.

John L. Hill, for the motion.
Edward W. S. Johnston, opposed.

PRYOR, J.   That the court may make the order solicited, if the facts warrant it, was adjudged in Wright v. Nostrand, 58 How. Prac. 184, and, I understand, is conceded by the parties to the present motion.   McCarthy v. Bonynge, 12 Daly, 356, would be conclusive in favor of the motion, were section 3311 of the Code, regulating the charges of stenographers, identical now with what it was then. When McCarthy v. Bonynge was decided the section read: "Except where special provision is otherwise made by statute, a stenographer is entitled to   *   *   *   ten cents" a folio.   Now the section reads: "Except where otherwise agreed, or when special provision is otherwise made by statute, a stenographer is entitled   *   *   *   to ten cents" a folio.   If, then, the plaintiff has agreed to pay the respondent 20 cents a folio, the motion must miscarry; otherwise, it must prevail.

An express agreement is not pretended by the respondent; but he relies upon an implied promise from an alleged custom prevalent among stenographers and lawyers.   "A custom, in order to become part of a contract, must be so far established, and so far known to the parties, that it must be supposed that their contract was made in reference to it.   For this purpose the custom must be established and not casual, uniform and not varying, general and not personal, and known to the parties."   Sipperly v. Stewart, 50 Barb. 62.   "To render a custom obligatory, it must ordinarily be proved that it was known to the party to be bound thereby."   Boardman v. Gaillard, 1 Hun, 217.   "Parties are presumed to contract in reference to a uniform, continuous, and well-settled usage pertaining to the matters as to which they enter into agreement.   *   *   *   But where the usage is of a particular trade or locality, such presumption is not conclusive, and may be rebutted by proof upon the part of one of the contracting parties that he was ignorant of such usage."   Walls v. Bailey, 49 N. Y. 464.   Here the custom to charge 20 cents a folio is not established,—respondent's own counsel, with other witnesses, testifying that "the custom is to pay from fifteen to twenty cents a

folio." Beyond question, the custom is not uniform. Supposing, however, such custom, and that it is so "uniform, continuous, and well settled" as to raise a presumption of knowledge of it on the part of the attorney representing the plaintiff in the transaction with the respondent, still that knowledge is repelled by the affidavit of the attorney. "I do not know, and have never before heard, that there was, or that any one claimed that there was, a general rule or custom to pay twenty cents a folio," is the precise, peremptory language in which Mr. Crook denies knowledge of the alleged custom. He, and he alone, certainly knows the condition of his own mind; and I cannot conclude that he has committed perjury, and that, too, for an object intrinsically trivial and of no interest to him.

The very respectable gentlemen who so skillfully and faithfully report the proceedings in the courts appear to fear that an adverse decision of this motion will be of serious consequence to them. Not at all. To secure a compensation beyond the statutory provision, and adequate to their deserts, they have only to say to the attorney ordering the minutes to be furnished with more than reasonable diligence that he must pay an additional recompense. If he does not dissent, and still requires the minutes, he must pay the increased charge. If he objects to more than the statutory fee, then the stenographer is bound to furnish the minutes only "with all reasonable diligence." Code Civ. Proc. § 86.

Motion granted, without costs.