(62 Misc. Rep. 635.)

### ECKSTEIN v. SCHLEIMER.

(Supreme Court, Appellate Term. April 8, 1909.)

**1.** COURTS (§ 57*)—PROCEDURE—STENOGRAPHERS—COMPENSATION.

A stenographer, employed by a referee to take testimony, can sue either party to the reference for his fees, because a joint and several promise to pay is implied by law against both parties through the acceptance of his services, and this promise is not negatived by the terms of the order of reference, charging the expense to the defeated party, unless he knew of these terms before the reference.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 200; Dec. Dig. § 57.*]

**2.** ESTOPPEL (§ 88*) — EQUITABLE ESTOPPEL — GROUNDS — CLAIM IN JUDICIAL PROCEEDINGS—BILL OF COSTS.

A bill of costs, containing an item for stenographer's fees. taxed by the successful party on a reference, though constituting an admission of liability for the stenographer's services, does not create a conclusive estoppel, precluding the party from disputing the amount of the stenographer's claim for fees, in the absence of showing that the latter has acted on such admission to his detriment.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 239; Dec. Dig. § 88.*]

**3.** CUSTOMS AND USAGES (§ 5*)—REQUISITES—GENERALITY.

A custom, to be admissible in evidence as such, must be general.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 4; Dec. Dig. § 5.*]

**4.** CUSTOMS AND USAGES (§ 6*)—REQUISITES—UNIFORMITY.

A custom, to be admissible in evidence as such, must be uniform.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 5; Dec. Dig. § 6.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5. CUSTOMS AND USAGES (§ 7*)—REQUISITES—REASONABLENESS.**

The custom of unofficial stenographers to charge 25 cents a folio for transcribing testimony upon a reference, instead of 10 cents, the rate allowed to official stenographers by Code Civ. Proc. § 3311, is unreasonable, and cannot be enforced, though this section of the Code applies only to official stenographers.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 7; Dec. Dig. § 7.*]

**6. COURTS (§ 57*)—PROCEDURE—STENOGRAPHERS—COMPENSATION.**

To sustain an implied contract to pay a stenographer 25 cents a folio for transcribing testimony upon a reference, he must show that his services were reasonably worth that sum.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 200; Dec. Dig. § 57.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Goldie Eckstein against Abraham B. Schleimer. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Abraham B. Schleimer, in pro. per.
Andrew F. Murray, for respondent.

LEHMAN, J. The plaintiff is an unofficial stenographer employed by a referee to take testimony at a reference ordered by a justice of the Supreme Court in an action then pending in which the defendant herein was the plaintiff. The order provided for a reference upon condition that the defendant in that action file an undertaking as security for the expenses of the reference if the issues should be determined adversely to him, and that the costs of the reference be charged to the defeated party. The defendant in that action thereupon filed such undertaking, the reference was had, and the referee determined the issues in favor of the plaintiff, the defendant herein. · The plaintiff in this action was employed by the referee as stenographer, and brings this action against the successful party, claiming the sum of 25 cents for every folio transcribed by her and the sum of $5 for every hearing at which she was present, but which adjourned without taking any testimony.

The plaintiff was allowed to testify that it was a general custom among stenographers to charge 25 cents per folio for transcribing testimony at a reference; to charge 2½ folios for every page of testimony, regardless of how many words are contained on each page; and to charge $5 for every hearing adjourned without taking testimony. She also introduced in evidence the bill of costs, which the defendant in this action had taxed as the successful party on the reference; said bill of costs containing an item of $244.90 for stenographer's fees. It was, however, shown that this bill of costs and the judgment entered thereon were amended nunc pro tunc by an order made on the defendant's motion, but after the beginning of this action. The trial justice, after considering this evidence, rendered judgment for the plaintiff for the full amount of the fees claimed for tran-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

scribing the testimony, but not for the fees claimed upon the adjourned hearings.

The plaintiff herein had a right to sue either party to the reference for her fees, because a joint and several promise to pay for the expense of the stenographer is implied by law against both parties to a reference through the acceptance of the stenographer's services. Coale v. Suckert, 18 Misc. Rep. 76, 41 N. Y. Supp. 583. Nor is this implied promise negatived by the terms of the order of reference, charging the expense to the defeated party, unless it is shown that the stenographer knew of these terms before the reference. Thornton v. Tuttle, 20 Abb. N. C. 308.

The learned trial justice, however, erred in finding that the bill of costs created an estoppel against the defendant. Leaving aside the question of the effect of the order striking out the items nunc pro tunc, the bill of costs was taxed in an action wherein this plaintiff was not a party; nor is it shown that she has in any way acted upon the admission therein contained to her detriment. The bill of costs, however, properly admitted as an admission by the defendant of his liability, was certainly not conclusive against him. It appears that the plaintiff herein had already demanded this amount from him, and it may well be that the defendant, at that time, had considered, not the question of the amount of the bill, but only his liability as one of the parties to the reference, and therefore made his affidavit that he had incurred this expense. It is, however, probable that the trial justice, when he used the word "estopped," did not intend its technical meaning, but correctly regarded this bill of costs only as an admission, because he bases his judgment also upon the plaintiff's testimony as to the custom of stenographer's charges, and has deducted the amount of the charge for five attendances, which, he says, she admits that she had no right to charge for. I can find no such admission upon the record, and in the absence of an admission on the record, solemnly made by the plaintiff, the trial justice would be obliged to include this item, even though it appears that she had no right to make this charge, if he believed that the defendant was estopped by his bill of costs from disputing the amount of the plaintiff's bill.

Since the bill of costs did not constitute a conclusive estoppel against the defendant, the judgment should be reversed, because there is no testimony of the value of the services, except the testimony of the plaintiff as to stenographer's charges. The Code of Civil Procedure has, in section 3311, fixed the rate to be charged by official stenographers in the Supreme Court at 10 cents a folio. While it appears that an unofficial stenographer employed at a reference is not limited by this section, which applies only to official stenographers (Varnum v. Wheeler, 9 Civ. Proc. R. 421), the court should view with suspicion the testimony of an interested party that a general custom exists to charge $2\frac{1}{2}$ times this amount upon a reference. That such a custom exists among a large number of stenographers is probable; but, to be material on the issues of this case, it must be a general and uniform custom. Since the plaintiff has been shown by the trial justice's decision to have been mistaken in regard to her testimony as to the customary charges upon an adjourned hearing, I am constrained

to believe that she is mistaken in regard to the customary charge for transcribing the testimony. If, however, she is not mistaken in this testimony, and such a custom exists and is general and uniform, then I believe this court should state absolutely and unequivocally that this custom is unreasonable and reprehensible, and cannot be enforced; that, to sustain an implied contract to pay 25 cents a folio for transcribing testimony, the plaintiff must show that her services were reasonably worth such sum.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.