UTICA PARTITION CORPORATION, Plaintiff, v. JACKSON CON-
STRUCTION COMPANY, Appellant, Respondent, Impleaded with
Others, Defendants.

ROBERT S. MULLEN, Receiver in Foreclosure Proceedings, Respond-
ent, Appellant.

First Department, May 19, 1922.

Mortgages — foreclosure — receiver's fees and allowances — allowance for
counsel fee reduced — allowance for fire insurance premium proper —
receiver entitled to commission on money collected on fire insurance
policy and turned over to mortgagee — commission to receiver and to
agent for collection of rent from individual tenants not allowed where
order provided for collection of rents by lessee of building — receiver's
account surcharged with amount of penalties accruing from non-pay-
ment of taxes but not with amount paid out for repairs or with loss
from leases at low rentals — receiver incurred no extra expense in acting
as broker to sell property — loss during certain period not due to mis-
management — commission paid to agent, employee of receiver, in col-
lecting rent proper under order — disallowance of all fees to receiver not
justified — referee's fees reduced to ten dollars per day — stenographer's
fees reduced from thirty to fifteen cents per folio — Code of Civil Pro-
cedure, § 3311, not applicable.

On proceedings to wind up a receivership in a foreclosure action, it appeared that
the order appointing the receiver empowered him to collect rents and to rent
or lease the premises or any part thereof, to keep the same in repair and insured
against fire, to pay taxes, etc., and to employ an agent to rent and collect the
rents of the premises and to pay the reasonable value of his services; that the
order was so modified that the lessee of the entire premises was authorized to
collect the rents from the individual tenants and turn them over to the receiver.
While the foreclosure action was pending, the plaintiff revived an old mechanic's
lien judgment and after a sale thereunder obtained a writ of assistance. At
the commencement of the receivership the receiver retained as counsel an
attorney who had offices with him, and when the writ of assistance was served
the receiver appealed from the order granting it.

Held, that the claim of $1,000 for fees to the counsel of the receiver should be reduced
to $150 in view of the fact that the receiver, an attorney at law, should not, in
the ordinary discharge of his duties, require counsel, and that many of the
services rendered by the counsel were wholly unnecessary.

The order appointing the receiver expressly authorized him to insure the property
against fire, and while the proofs are not very satisfactory as to why he secured
extra insurance, the amount of the premium paid thereon will be allowed, for
it cannot be said that he did not act in good faith in the matter, and, therefore,
the conclusion of the referee allowing the amount should not be disturbed.

The receiver was entitled to commission on moneys collected for a fire loss, though
the money belonged to the mortgagee and as a matter of fact the receiver
indorsed the check over to the mortgagee.

The receiver should not be allowed commissions on rents collected from individual
tenants after the order was modified requiring the lessee of the building to

collect the rents, and at a time when the parties interested had settled their dispute and had requested the receiver to consent to his discharge, nor should he be allowed for commissions paid to his agent for making said collection.

The receiver's account should be surcharged with the amount of the penalties imposed for failure to pay taxes promptly, but it should not be surcharged with losses from making leases at low rentals or with the amount expended in repairing the building, for though said repairs were large, they were necessary, in view of the fact that the building at the time the receiver was appointed was in bad condition, and leases and repairs were made in good faith, and the charges for the work done were reasonable.

The objection that the receiver was interested in purchasing the property is untenable, for though it appears that he made efforts to sell the property as broker, there was no proof that would indicate that he incurred any unnecessary expenditure by reason of his interest as broker.

The receiver should not be charged with the loss resulting during a certain period of the receivership, for there was no evidence that the loss was due to any mismanagement on his part.

The receiver should be allowed commissions paid to an agent, an employee in his office, for collecting rents inasmuch as the order appointing the receiver provided for the appointment of an agent and the selection of the agent in question was made under the authority of the order and was regular in every respect.

The objection that the referee is not entitled to any fees cannot be sustained for there is no proof that would warrant a disallowance of his fees.

The allowance of $500 to the referee, there being no stipulation as to the fees the referee was to receive, should be reduced to $10 per day, or to $330, since it appears that he spent not more than seventy-five hours on the case, of which thirty-five hours were consumed during thirteen days in hearings, and allowing twenty working days of two hours each for the additional forty hours, he would be entitled in all to fees for thirty-three days.

The allowance of thirty cents per folio for transcribing the minutes of the hearings for the use of the referee should be reduced to fifteen cents per folio, since it appears that there was no stipulation as to the amount of the fees, and further, that the stenographer received fifteen cents per folio for a carbon copy furnished for the joint use of the receiver and the objector's attorney. Section 3311 of the Code of Civil Procedure, relating to stenographer's fees, is applicable to official court stenographers only.

APPEAL by the defendant, Jackson Construction Company, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 14th day of November, 1921, confirming the referee's report approving the accounts of a receiver appointed in foreclosure proceedings; also from an order entered in said clerk's office on the 21st day of January, 1922, denying defendant's motion to vacate the order confirming the referee's report, and also from an order entered in said clerk's office on the same day denying a hearing on the motion to confirm the referee's report.

Appeal by the receiver, Robert S. Mullen, from so much of an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on

**378** Utica Partition Corporation *v.* Jackson Const. Co.

First Department, May, 1922. [Vol. 201

the 14th day of November, 1921, as limits the allowance to the receiver's attorney.

*Russel S. Johnson,* for the appellant, respondent.

*J. Wilson Bryant,* for the respondent, appellant.

Greenbaum, J.:

These appeals may be considered together. The questions involved on these appeals arise out of objections filed to the accounts of a receiver appointed in a foreclosure action. The order appointing the receiver empowered him to collect the rents; to institute and carry on all legal proceedings necessary for the protection of said premises, and authorized him to " rent or lease for terms not exceeding one year, any part of said premises; to keep said premises insured against loss or damages by fire and in repair; to pay the taxes, assessments and water rates thereon; to comply with all requirements of any Municipal Department or other authority of the City of New York; and to employ an agent to rent and collect the rents of said premises and to pay the reasonable value of such agent's services out of the rents received."

On November 29, 1919, the receivership order was modified to the extent of allowing one Silberman, a lessee of the entire premises, to collect the rents and to turn over to the receiver $1,200 monthly, the rent payable under his lease. Up to that date the receiver had collected for a period of four months the rents from the respective tenants and disbursed moneys in the way of repairs and for other incidentals in connection with the management of the premises. While the foreclosure action was pending the plaintiff revived an old mechanic's lien judgment entitled " *North American Wall Paper Co.* v. *Jackson Construction Co.*," which it controlled, and on September 29, 1919, a referee's deed upon a sale thereunder was given to one Thayer Burgess, an attorney in the employ of the plaintiff's attorney. On November fifteenth, under that judgment, plaintiff obtained a writ of assistance. At the outset of the receivership, the receiver had retained, as his counsel, one Bryant, who had offices with him, and when the writ of assistance was served the receiver appealed from the order granting it. On December twenty-ninth the sale to Burgess was vacated and set aside upon the application of the lessee of the property. On January 19, 1920, the lessee and the plaintiff settled their differences and exchanged releases and then attempted to wind up all the legal proceedings. On January twenty-ninth plaintiff requested the receiver to consent to his discharge. This he refused to do and plaintiff was forced to serve an order to show cause why the receivership should not be vacated and the writ of assistance

which had been previously set aside should not be reinstated. On February eleventh an order was entered that the receivership be wound up. The accounts filed by the receiver showed total receipts of $14,335.11 and total disbursements of $9,717.30, leaving a balance in the hands of the receiver at the time of the filing of the account of $4,617.81.

The material objections of the defendant to the account will now be considered. (1) Objection was made to the payment of fees to the counsel of the receiver. The receiver, being an attorney at law, should in the ordinary discharge of his duties require no counsel. It might be proper to retain counsel where unusual complications arise. The attorney first submitted an affidavit in which he stated that his services were worth $1,000. He subsequently submitted another affidavit in which he valued his services upon the reference at $750. Many of the services rendered by the receiver's counsel were wholly unnecessary. He took active part in matters which concerned the parties to the action and in which the attitude of the receiver should have been passive. When the writ of assistance was served he was perhaps entitled to counsel in order to determine what to do. His only obligation, however, was to submit his rights to the court and act under its instructions. Instead of that the attorney argued in opposition to the writ, filed an affidavit and brief and prepared a notice of appeal from the order directing the issuance of the writ. On the motion made by one of the parties to dismiss the action for non-prosecution, the receiver prepared an affidavit in opposition to the motion to dismiss. These were not matters in which the receiver should have taken any active part. The referee found that the counsel's fees were worth $250. We think that $150 will be ample. (2) There was objection to the receiver's procurement of an insurance policy for $102,000 on the ground that the property was then sufficiently insured for $114,000. The policies were canceled as soon as the order was modified limiting the receivership to the collection of a monthly sum from the lessee, leaving a net expenditure for insurance of $113.70. It was shown that the agent through whom the policy was obtained was connected in some manner with the receiver's office. The referee, however, found that the act of the receiver was a proper exercise of caution. The proofs are not very satisfactory as to why this extra insurance was necessary. The order, however, expressly authorized the receiver to insure, and we are not in a position to find that the receiver did not act in good faith in the matter and hence we will not disturb the conclusion of the referee in that regard. (3) Objection was made to the commission allowed the

First Department, May, 1922. [Vol. 201

receiver upon the collection of a fire loss arising from a fire which occurred in one of the buildings. The objector claims that a check for $450 received from the insurance company belonged to the mortgagee, and, as matter of fact, the receiver indorsed the check over to the mortgagee. The receiver filed the proofs of loss and collected the amount and in our opinion was entitled to a commission. (4) Objection was made to commissions allowed for the collection of $500 rent on February 1, 1920. The receiver had been asked to consent to his discharge after the parties had settled on January twenty-ninth. He knew that Silberman's lease had been assigned to the plaintiffs, and that all litigation between them had been settled. It is true that the receiver was not formally discharged on January twenty-ninth. He proceeded to collect the rents from the tenants on the first of February and succeeded in collecting $500, upon which he allowed five per cent to his agent, and upon which he also was allowed five per cent commission. We are inclined to think that the objection is well taken, for the reason that the receiver under the modified order permitting him only to collect from the lessee, had no power to collect the rents from the tenants. Under the modified order there was no need of a collection agent since the lessee's check of $1,200 was paid directly to the receiver. We think that neither the receiver nor the agent was entitled to commission on the $500. (5) Objections were made that the receiver failed to pay the taxes promptly thus subjecting the estate to unnecessary penalization of $35.17 for the delay in payment of the taxes; that he gave leases for lower rentals than was warranted; that he made extravagant payments for painting and repairs. The referee stated in his opinion that " as a business proposition the receiver did make a few inadvisable leases and in some instances did spend larger sums for painting and repairs than should have been necessary under normal conditions. It should be borne in mind, however, that the lessee had been in possession with a threatened foreclosure in view and had not made necessary current repairs for some time. His one interest was to collect all the rents that he could. When the receiver took possession the property had reached a state of depreciation where radical steps had to be taken. Whether all the expenditures were advisable the testimony clearly shows that in the mind of the receiver they were necessary. They were made for the benefit of the property in good faith, the work was properly performed and the charges for the work reasonable." There is no proof tending to show that the leases and repairs were not made in good faith. But the item of $35.17 for neglect in paying taxes promptly should be surcharged against the receiver. (6) Objection

was also made that the receiver was interested in purchasing the foreclosed property. The referee found that while the receiver made efforts to sell the property as a broker, his actions in that respect did not affect his acts as receiver. It was an injudicious act on the part of a receiver to be personally interested in the sale of the property. There was, however, no proof that would indicate that he incurred any unnecessary expenditures by reason of his interest as broker. (7) The account was attacked because the property showed a loss during the months of August, September, October and November due to the receiver's alleged mismanagement. The referee found that there was no proof of such mismanagement. We find no evidence which tends to substantiate the objector's contention. (8) Objection was made to the payment of the five per cent commission on rents collected by one Neach whom the receiver appointed as agent and who it appears from the affidavit of the receiver was a clerk and employee in his office. The order appointing the receiver provided for the appointment of an agent, and the referee held that the selection of an agent was made under the authority of the order and was regular in every respect. It seems to us that this objection should not be sustained. (9) Objection is further made to the order which confirmed in every respect the referee's report. The order contained the following provision: " That Robert S. Mullen, the receiver in the foreclosure action herein pay out and disburse the moneys in his hands to the credit of this action, as follows:

1. To Robert S. Mullen, as receiver .................. $761 76
2. To J. Wilson Bryant, atty. for receiver .......... 262 00
3. To Clarence A. Sparks, Referee ................. 500 00
4. To Clarence A. Sparks, Referee (Sten. Fees) ...... 422 00 "

Objection is made to the allowance of any fees to the receiver. We do not think that the proofs would warrant a disallowance of these fees.

Objection is also made to the fee of $500 to the referee. The record discloses that there was no stipulation between the parties that the referee should receive more than statutory fees, and it appears affirmatively that the objector's counsel positively declined to enter into any stipulation as to fees and insisted that the legal rates must prevail. In the absence of a stipulation the referee may only be allowed his statutory fees of $10 per diem. (See Code Civ. Proc. § 3296.) The referee submitted one affidavit in which he stated that he spent upwards of thirty-five hours in taking testimony covering thirteen days, and that after the hearing had been closed on December 4, 1920, he received briefs

from the counsel on March 1, 1921, and that from that day up to on or about July 20, 1921, he spent " from one to three hours of every working day in reading of testimony, examination of exhibits and examination of law herein. That a fair and reasonable compensation for my services rendered in this action is $750.00."

He, however, filed an earlier affidavit in which he averred that he spent thirty-five hours in the taking of testimony and hearing arguments, and that he spent " forty hours in the reading of testimony, examination of exhibits and examination of law, herein, all of which amounts to seventy-five hours; that a fair and reasonable compensation for my services rendered in this action is $750." There is an apparent contradiction between the two affidavits as to the time consumed in the taking and reading of testimony, examination of the law and of exhibits. But allowing seventy-five hours in all, given to hearings and subsequent study of the case, as the referee claims in one of the affidavits, of which thirty-five hours were consumed during thirteen days in hearings, and allowing twenty working days of two hours each for the additional forty hours, he would be entitled in all to fees for thirty-three days which at $10 per day would entitle him to $330. His fees will be reduced accordingly.

Objection is also made to the stenographer's fees for the minutes transcribed for the use of the referee for which the stenographer charged and was paid by the referee at the rate of thirty cents per folio which for 1,407 folios amounted to $422.10. The stenographer employed was in the employ of the referee. The objector refused at the beginning of the reference and thereafter to enter into any stipulation as to the payment of the stenographer's fees. The objector relies upon section 3311 of the Code of Civil Procedure which provided that " a stenographer is entitled, for a copy fully written out from his stenographic notes of the testimony, or any other proceeding, taken in an action, or a special proceeding in a court of record, or before a judge or justice thereof, and furnished, upon request, to a party or his attorney, to the following fees for each folio: In a trial or special term of any court, ten cents * * *." We are of opinion that section 3311 is applicable only to official court stenographers. (*Eckstein* v. *Schleimer*, 62 Misc. Rep. 635.) The only evidence in support of the charge of thirty cents per folio is found in the affidavit of the referee himself, in which he avers that the stenographer in his employ who took the testimony is not employed by him by the week or month, but that she is paid by him for her services at the current rates per folio. What current rate he is in the habit of paying his stenographer is not disclosed. He also alleges in his affidavit that " before the hearings

I inquired of various public stenographers as to the current market rates for taking and transcribing testimony and received quotations between thirty and fifty cents per folio." Such evidence has no probative force. There is thus no proof of the reasonable value of the stenographer's services. It, however, appears in the record that the stenographer furnished a carbon copy for the joint use of the receiver and the objector's attorney at the rate of fifteen cents a folio. Upon the state of the proof the stenographer's fees will be fixed at the rate of fifteen cents a folio.

The order appealed from should be modified as indicated in this opinion and as so modified affirmed, without costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, without costs. Settle order on notice.