In the Matter of the Application for the Payment of Administration Expenses in the Estate of JOSEPH BAUMAN, Deceased.
HERMAN BAUMAN, as Executor, etc., of JOSEPH BAUMAN, Deceased, Appellant; PAUL JONES, Respondent.

First Department, December 4, 1931.

*Jerome A. Strauss* of counsel [*David Friedman*, attorney], for the appellant.

*Jeremiah F. Connor*, for the respondent.

MARTIN, J.   The respondent, one of the stenographers of the Surrogate's Court, county of New York, obtained a decree of that court directing the payment to him of the sum of $1,925 for services rendered at the request of counsel and at the direction of the surrogate, in furnishing three copies of testimony during the trial of a will contest.   The trial lasted about six days, and respondent was compelled to employ extra typists.   Several of the installments of the testimony were delivered very late at night of the same day on which it was taken or at the opening of court the next morning. The record contained 1,100 pages of testimony, for which the respondent charged one dollar and seventy-five cents per page.

To compel the payment of his claim the respondent filed a petition upon which a citation was issued to the executor.   In answer thereto the executor established that the claim was not filed with him by the petitioner and that the legal fee fixed by statute is only ten cents a folio.   He also set forth the status of the estate, showing, among other things, that the taxes have been in arrears for over four years and that interest and installment payments on mortgages have been postponed from time to time because of lack of funds.

The respondent, who receives a salary of $6,000 per year, is entitled by statute, under certain circumstances, to make additional charges.   He contends that the amount claimed must be paid because the decree is based upon an agreement authorized by section 30 of the Surrogate's Court Act (as amd. by Laws of 1926, chap. 99), which provides as follows:   " Except where otherwise agreed   *   *   *   a stenographer is entitled, for a copy fully written out from his stenographic notes of the testimony required to be made in any proceeding for the record of the Surrogate's Court of the counties of New York,   *   *   *   to ten cents for each folio; and the surrogate may order that the fees for such record copy be paid out of the estate to which the proceeding relates."   The respondent contends that the price of ten cents a folio does not apply because he made a different arrangement. He says he told the attorney for the executor that there would be an extra charge for daily work; that the fee of one dollar and seventy-five cents per page is the usual charge for over-night copy, that three copies were ordered by the attorney for the executor;

that in order to complete the work it was necessary to hire assistants and pay the sum of $800 for their work.

The appellant contends that no specific amount was mentioned by the respondent to the attorney as the charge for the work; that no agreement was made to pay the fee of one dollar and seventy-five cents per page; that such a charge is exorbitant and neither fair nor reasonable; that the estate cannot afford to pay such a large fee; and that the respondent is bound by the provisions of the Surrogate's Court Act. He further argues that the stenographer is limited to the statutory fee of ten cents a folio, or about twenty-five cents a page, and is not under any circumstances entitled to charge one dollar and seventy-five cents per page.

The executor testified that he knew nothing about any special arrangement for the minutes until after the case was settled, although in a colloquy between his counsel and the court at the close of the case, appellant's counsel admitted that some money was due but that the estate was not able to pay the amount then due. The executor admits that he knew he had to pay for the stenographer's minutes, but he testified that he could not recall any conversation that there would be an extra charge for the over-night copy that had been ordered.

The appellant further points out that if the payment to the respondent at the rate he demands is proper, the stenographer will receiver the sum of $1,925 for six days' work, or over $300 per day in addition to his annual salary of $6,000; that after deducting the $800 said to have been paid to typists as assistants, there would be $1,125, or almost $200 per day as additional compensation.

The Surrogate's Court Act provides that " except where otherwise agreed," the stenographer is to receive ten cents a folio. The stenographer says that it was " otherwise agreed " in this case, but admits that no particular amount was agreed upon by any one having authority to make such an agreement. He also admits that, although the attorney for the executor agreed to a larger charge than the statutory rate, there was no rate specified. The stenographer says that in any event he should recover the reasonable value of the services and that the reasonable value was *two dollars a page*.

The difficulty with the respondent's contention is that, while it is alleged that it was " otherwise agreed," no such agreement was established. On the other hand, it was proved that the executor, whom the respondent seeks to charge *individually* and as executor, knew nothing about the agreement, and that his attorney, although agreeing to pay a fee larger than the statutory fee, did not agree upon any particular charge with the respondent.

We are confronted in this case with a practice that has grown up in the courts, which may become a great abuse if not carefully regulated. Court stenographers are now paid large salaries and in addition receive fees for furnishing minutes. In some instances, they are not satisfied with their increased compensation or the additional statutory rate allowed, and are charging excessive rates for minutes. Here a stenographer, receiving $6,000 per annum as salary in the Surrogate's Court, seeks to charge $1,925 for furnishing the minutes of a trial lasting six days in a will contest proceeding where it is said the entire equity in the estate does not amount to over $30,000.

In *Utica Partition Corp.* v. *Jackson Construction Co.* (201 App. Div. 376; appeal dismissed, 236 N. Y. 638) this court held that where no agreement was entered into, fifteen cents a folio was ample compensation under the circumstances there disclosed.

In *Cavanagh* v. *O' Neill* (20 Misc. 233) Mr. Justice PRYOR, having under consideration a similar statute containing the words " except where otherwise agreed," held that a stenographer could not charge for copies of his minutes at a greater rate than ten cents a folio, unless the attorney ordering the same had agreed to pay more, or a general custom to charge and pay more, of which the attorney had knowledge, was shown.

In *Eckstein* v. *Schleimer* (62 Misc. 635) the court said: " The Code of Civil Procedure has, in section 3311, fixed the rate to be charged by official stenographers in the Supreme Court at ten cents a folio. While it appears that an unofficial stenographer employed at a reference is not limited by this section which applies only to official stenographers (*Varnum* v. *Wheeler*, 9 Civ. Pro. 421) the court should view with suspicion the testimony of an interested party that a general custom exists of charging two and a half times this amount upon a reference. That such a custom exists among a large number of stenographers is probable; but to be material on the issues of this case, it must be a general and uniform custom. * * * If * * * such a custom exists and is general and uniform, then, I believe, this court should state absolutely and unequivocally that this custom is unreasonable and reprehensible and cannot be enforced; that, to sustain an implied contract to pay twenty-five cents a folio for transcribing testimony, the plaintiff must show that her services were reasonably worth such sum."

In *Matter of Byron* (61 Hun, 278) a note of warning was sounded with reference to such charges and the danger of abuses arising with reference thereto. That was at a time when salaries of stenographers were small, and in many instances wholly inadequate.

The court in that case said: " If properly regulated, the services of a stenographer probably facilitate the business of our courts. They, at least, conduce to correctness, but, *unless a careful supervision is exercised over them by the courts*, their charges become exceedingly burdensome to the litigants."

Although made several years ago, that observation was never more appropriate than at the present time in view of the increased salaries now being paid to many of the court stenographers and the constant demand for additional compensation.

The provision fixing compensation for writing out stenographic minutes was intended to apply to instances where the salaries were small or inadequate or where no salaries whatever were paid to stenographers. It was never intended to permit such large charges in addition to a large or adequate salary.

To come within the exception set forth in the statute with respect to cases where it is " otherwise agreed " that the stenographer shall receive more than ten cents a folio, it must be clearly established that an agreement was entered into to charge a definite sum and that the agreement was fully understood.

The decree should be modified by reducing the fee of the respondent to ten cents a folio, as provided by the statute, and as so modified affirmed, with costs to the appellant.

FINCH, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Decree modified by reducing the fee of the respondent to ten cents a folio, and as so modified affirmed, with costs to the appellant.