In the Matter of Proving the Last Will and Testament of ABRAHAM L. ERLANGER, Deceased.*

MITCHELL L. ERLANGER and Others, Appellants; CHARLOTTE F. ERLANGER, Respondent.

First Department, December 18, 1931.

*Bernard Hershkopf* of counsel [*Samuel Untermyer* and *Isidor J. Kresel* with him on the brief; *Isidor J. Kresel*, attorney for the proponents; *Aaron Lipper*, attorney for the legatees, heirs and next of kin], for the appellants.

*Frederick J. Moses* of counsel [*Max D. Steuer*, attorney], for the respondent.

* See, also, 136 Misc. 784, 792, 793.

MERRELL, J. Abraham L. Erlanger died a resident of New York county on March 7, 1930. On March 11, 1930, the proponents herein offered for probate his alleged last will and testament. Upon said probate proceedings the respondent herein appeared and filed objections to the probate of said will. The proponents asserted that the would-be contestant was never the wife of the decedent and moved in Surrogate's Court to strike out her objections on the ground that she was not a person authorized to object, and that she had no standing in the case. A hearing upon this motion resulted in an order directing a preliminary trial of the status of the respondent and as to her right to object to the will of the decedent and to contest its probate. The surrogate held in abeyance the motion to strike out the objections until the determination at the preliminary trial as to the status of the respondent. In effect, the order of the surrogate required the respondent to establish that she was, in fact, the widow of the decedent. If it be determined in the preliminary proceeding that she is the widow, then she would have a right to contest the probate of the will. If she is unable to establish her status as the widow of decedent, then she would not be allowed to contest the will. This preliminary issue was brought on for trial in Surrogate's Court of New York county. After the hearing had progressed for some time the attorney representing the respondent herein, without affidavits or other proof, moved in open court for an order directing the stenographer to furnish him with two copies of the stenographer's minutes of the hearings at the expense of the estate. To such application the appellants objected, but the surrogate granted the respondent's application and made the order from which this appeal is taken.

The appellants contend, *first*, that the surrogate was without authority to grant the application of the respondent in the present proceeding to determine her status. They further contend that in the absence of any showing by the would-be contestant of her good faith in filing the contest of the will, the surrogate was without power to make the order. The appellants also urge that in no event could the surrogate order the estate to pay for more than one copy of the minutes. In our opinion the surrogate had no authority in law to make the order appealed from. The only authority of a surrogate to make allowances by way of costs or compel their payment from an estate must come from some statute. (*Matter of Eddy*, 207 App. Div. 162, 163.) We find no specific statutory authority to support the order of the surrogate appealed from. The pending preliminary proceeding to determine the status of the respondent does not constitute a contest of the decedent's

will. The proceeding is merely preliminary to a possible future contest. If the respondent is able to prove that she is the widow of decedent, then she may contest the proposed will; otherwise, there will be no contest. The only authority which the surrogate had to make the order appealed from must be derived from section 278 of the Surrogate's Court Act (as amd. by Laws of 1928, chap. 702). That section provides as follows: " * * * The surrogate may order *a copy* of the stenographer's minutes to be furnished to the contestant's counsel, and charge the expense thereof to the estate, if he shall be satisfied that the contest is made in good faith * * *." (Italics are the writer's.) The "contest" referred to in section 278 is the contest of a proposed will, and the surrogate can only order *a copy* of the stenographer's minutes in case he is satisfied that the contest is made in good faith. There is, as yet, no contest of the will. The pending proceeding, the minutes of which counsel for the respondent desires, is not a contest within the meaning of section 278, but is merely a preliminary proceeding to determine the respondent's right to contest. This court has already decided (*Matter of Erlanger*, 231 App. Div. 70) that the hearing on the preliminary issue as to whether or not the respondent was the wife and is now the widow of the decedent, is not the trial of a will contest. In that case this court said (at p. 71): " It is thus clear that the preliminary trial so ordered was a mere procedural step to enable the surrogate to determine the motion [to strike out the contestant's objections], and not the formal trial of a will contest."

Not only is the pending preliminary proceeding not a will contest, but there was nothing before the surrogate when he granted the order appealed from to satisfy him " that the contest is made in good faith," as provided by section 278 of the Surrogate's Court Act. There are, as yet, no facts before the surrogate concerning the actual merits of the contest which the respondent seeks to interpose to the probate of said will. The only issue before the surrogate at the present time is as to whether or not the respondent was the wife of the decedent at the time of his death. Even though she may be able to establish that she is the widow of the decedent, nevertheless, the surrogate may find that the contest which she may make is not made in good faith. In our opinion, the surrogate was without authority in law to grant the order appealed from and the same should be reversed, with ten dollars costs and disbursements, and the application for the stenographer's minutes denied.

FINCH, P. J., McAVOY, MARTIN and SHERMAN, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements to the appellants, and motion denied.