In the Matter of the Application for the Payment of Administration Expenses in the Estate of JOSEPH BAUMAN, Deceased.

HERMAN BAUMAN, as Executor, etc., of JOSEPH BAUMAN, Deceased, Appellant; PAUL JONES, Respondent.

First Department, July 1, 1932.

*Jerome A. Strauss* of counsel [*David Friedmann,* attorney], for the appellant.

*Jeremiah F. Connor,* for the respondent.

MERRELL, J. In a decree of the Surrogate's Court, New York county, entered May 5, 1931, the surrogate directed that the appellant herein pay to the respondent, an official stenographer of the Surrogate's Court, $1,925 for the stenographer's minutes on contested probate proceedings. An appeal was taken to this court by the executor from said decree, and this court unanimously modified the decree by reducing the fee of the respondent to ten cents a folio, as provided by the statute. As so modified, the decree was affirmed, with costs to appellant. (233 App. Div. 645.) Thereupon a proposed order was submitted to the Surrogate's Court making the order of the Appellate Division the order of the Surrogate's Court. Said proposed order recited the modification of the decree, and provided that the said order of the Appellate Division be made the order and judgment of the Surrogate's Court. A counter order was submitted by the respondent. The surrogate signed neither order, but made a memorandum decision directing counsel to " confer with the Appellate Division as to whether or not they intended by the decision to limit the stenographer's fees to ten cents a folio regardless of how many copies were supplied." Respondent then moved the Appellate Division for an order resettling the order of this court " so as to provide that the decree appealed from be modified by reducing the fee of the respondent to ten cents a folio for the three copies furnished by him amounting to the sum of $825." The respondent's motion was opposed by the appellant and was denied by this court, with ten dollars costs to appellant. Thereupon, without notice to appellant, the surrogate made an order reciting that it was entered on the motion of the appellant, and decreed that the sum of $825 be paid to respondent. Upon service of said order the appellant moved to vacate the same or, in the alternative, to resettle such order " by eliminating the statement in said order that said order was entered on the motion of the attorney for Herman Bauman, and by reducing the amount decreed to be paid in said order from the sum of $825.00 to the sum of $189.20 * * *." Such motion was denied *in toto,* notwithstanding the fact that in the answering affidavit of the respondent he stated that he had " no objection to a change in the order to show that it

was not entered upon the motion of David Friedmann, Esq." Said Friedmann was the attorney for appellant.

We are of the opinion that the order entered by the surrogate did not conform to the decision of this court. Section 30 of the Surrogate's Court Act permits only a charge against the estate of a decedent for stenographer's minutes at the rate of ten cents for each folio of the record copied. This court has held that it was not " otherwise agreed;" that, therefore, the stenographer was not entitled to more than ten cents a folio. Notwithstanding this court had refused to resettle its order and had imposed costs against the respondent upon his motion for resettlement, the surrogate made an order that the stenographer receive as compensation the sum of $825. We find no basis whatever for the amount as fixed by the surrogate. The record shows that the stenographer's minutes did not contain three folios to the page, as claimed by respondent, but, on the contrary, that the average page consisted of less than two folios, or 172 words. On the basis of the fee provided by the statute, the respondent would be entitled to only $189.20. This is upon the assumption that the statute does not authorize the payment by an executor out of the estate for more than one copy of the stenographer's minutes. Even were the executor liable to pay for the three copies, there was. no basis for the allowance by the surrogate of $825. We are also of the opinion that the surrogate improperly directed the executor to personally pay these moneys to the stenographer. It appeared upon the former appeal that the estate was without funds to meet the charges of the stenographer, and we find no reason for imposing payment of the stenographer's fees upon the executor individually.

The appeal from the order denying the motion to vacate or resettle the order entered on the remittitur should be dismissed, and the said order entered on the remittitur, in so far as appealed from, should be modified by striking out the recital " and on motion of David Friedmann, attorney for Herman Bauman, the appellant and executor herein," and by reducing the amount allowed to the petitioner, respondent, to $189.20, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Appeal from order entered on March 28, 1932, dismissed; order entered February 18, 1932, modified by striking out the recital " and on motion of David Friedmann, attorney for Herman Bauman, the appellant and executor herein;" and by reducing the amount allowed to the petitioner, respondent, to the sum of $189.20, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.