In the Matter of the Estate of CHARLES ROSENBERG, Deceased.

Surrogate's Court, Richmond County, March 31, 1933.

*Joseph La Rocca,* for the petitioner.

*Henry A. Blumenthal,* for the executors and trustees.

SMITH, S. Applicant claims compensation from the estate of Charles Rosenberg, deceased, for furnishing four copies of the minutes of a reference in which he acted as stenographer. One of said copies was furnished to the unsuccessful petitioner, one to the attorney for the petitioner, one to the special guardian, and one to the referee, and applicant contends that the decree entered upon the report of the referee requires such payment to be made by the direction therein contained, viz., " That the stenographer's fees of the reference be paid by the executors and trustees herein and charged against Fred. Mayer, individually," and requests the order of this court directing said executors and trustees to pay to him therefor the sum of $180.87 for the copy of the minutes furnished to the petitioner and the sum of $72.75 for the copies furnished to the referee, the special guardian and the attorney for the petitioners.

The executors and trustees claim to have paid for a copy of said minutes ordered by them, and have offered to pay applicant's charges for the two copies furnished the referee and special guardian, but have refused to pay for the two copies furnished the unsuccessful petitioner and his attorney, and contend that they are not legally liable therefor, and that the direction in said decree will be complied with by payment of the charges for the copies furnished the referee and the special guardian.

The questions, therefore, to be determined are whether copies of said minutes were legally required to be furnished the unsuccessful petitioner and his attorney, and if not required, then did the direction in said decree confirm the delivery and charge the executors and trustees with the amount of the claim therefor?

Applicant was the official stenographer of the County Court of Richmond county in 1931, when the county judge was also the surrogate, and his compensation was fixed by subdivision 4 of section 319 of the Judiciary Law, but it no where appears that he was required to perform the duties pertaining to a stenographer of the Surrogate's Court.

The reference was ordered by the surrogate in a proceeding brought by a general guardian, whose wards were interested in the Rosenberg estate to set aside certain decrees theretofore entered in proceedings brought by the executors and trustees. The petitioner in said proceeding was a general guardian, but was improperly appointed as the special guardian of his wards, and he was represented in the proceeding by an attorney. Upon the report of the referee the proceeding was dismissed and a decree entered providing, among other things, for the payment of the stenographer's fees as hereinbefore stated.

Applicant was undoubtedly an unofficial stenographer in the matter of said reference, and as there was no stipulation in relation to his fees, he must primarily procure his fees from the parties litigating at not exceeding their reasonable worth, as section 30 of the Surrogate's Court Act, by the reference therein to sections 26 and 27 of said act, does not apply to Richmond county; and as there is no other provision in that act applicable to said county in relation to the amount of a stenographer's fees, such compensation could not, in the absence of proof of a general and universal custom, exceed the amount allowed to an official stenographer, by section 30 of said act, *i. e.*, ten cents a folio for each copy (*Eckstein* v. *Schleimer*, 62 Misc. 635), which, although in relation to stenographer's fees in the Supreme Court, can be well applied to the matter in dispute.

It is immaterial whether the applicant was appointed by the surrogate or the referee, for the referee must procure a copy of the minutes, for it was held in *Horrocks* v. *Thompson* (27 Hun, 144) that the court may direct a stenographer to file his notes on a trial or hearing before a referee, and in *Pope* v. *Perault* (22 Hun, 468) that it is necessary to file the testimony with the report, but that the stenographer may retain his notes taken before a referee until his bill is paid; and rule 170 of the Rules of Civil Practice, which is applicable to the Surrogates' Courts, require that the testimony taken before a referee shall be filed in the clerk's office; and section 28 of the Surrogate's Court Act requires that the testimony taken by a surrogate, or under his direction, be written out, filed and bound.

It, therefore, follows that the referee was required to procure a copy of the minutes for eventual filing in the clerk's office, and as the applicant, as stenographer, did not act in the matter of said reference as stenographer of the Surrogate's Court, and was not required by reason of section 300 of the Judiciary Law to furnish a copy of the minutes gratuitously, he was entitled to compensation therefor from the executors and trustees who were the successful

litigants and who would be entitled to have the amount taxed with their costs. (*Du Bois* v. *Brown*, 1 Dem. 317.)

Whether the executors and trustees were successful or not, they would have to pay; in the first instance, if successful, and eventually, if unsuccessful, and they could not refuse to take up the report and pay the referee's and stenographer's fees, for it was their duty to protect the estate committed to their care.

I, therefore, find that the executors and trustees are legally liable for the amount of the charge for the copy of the minutes of the reference furnished to the referee, viz., the sum of $24.25, and that the payment thereof will be a full compliance with the direction contained in the decree as to payment of the stenographer's fees of the reference, as the applicant has no legal claim against the executors and trustees for the copies of the minutes of the reference furnished to the unsuccessful petitioner, and to his attorney, and charged for at the sum of $180.87 and $24.25 respectively, for the reason that no order was made directing the furnishing of the minutes preceding such furnishing, which would be prerequisite as held in *Matter of Byron* (61 Hun, 278, 280), viz.: " The contestants having been unsuccessful in the litigation were not entitled to any costs. They were not entitled, at the expense of the estate, to reimbursement for moneys they may have paid for minutes of testimony without an order of the Surrogate's Court. That court, being one of limited jurisdiction, its power to grant the order was derived from the section of the code mentioned, and that section, it will be seen, contemplates that the application for the order shall precede the furnishing of the minutes."

In *Matter of Budlong* (33 Hun, 235) it was held that the proponents were entitled to notice of such application, and it was held that an order authorizing delivery of a copy of minutes can only be made in a proceeding to contest a will.

In *Matter of Erlanger* (234 App. Div. 34), in which proceeding the surrogate granted the applicant's request to have the stenographer furnish her with the stenographer's minutes of the hearing at the expense of the estate, the court said: " The only authority which the surrogate had to make the order appealed from must be derived from section 278 of the Surrogate's Court Act (as amd. by Laws of 1928, chap. 702). That section provides as follows: ' * * * The surrogate may order *a copy* of the stenographer's minutes to be furnished to the contestant's counsel, and charge the expense thereof to the estate, if he shall be satisfied that the contest is made in good faith. * * * ' (Italics are writer's.)

" The ' contest ' referred to in section 278 is the contest of a proposed will, and the surrogate can only order *a copy* of the

stenographer's minutes in case he is satisfied that the contest is made in good faith.   *   *   *

" In our opinion, the surrogate was without authority in law to grant the order appealed from and the same should be reversed, with ten dollars costs and disbursements, and the application for the stenographer's minutes denied."

And the applicant has no legal claim for the copy furnished the special guardian for the infants cited in the proceeding. It does not appear that he contested the proceeding; if he did not contest, he was not entitled to a copy of the minutes as he, being an officer of the court, could have used the copy of the minutes furnished to the referee. If he had contested, then an order could have been made preceding the furnishing thereof, provided the surrogate was satisfied that the contest was brought in good faith, and provided that the interpretation of the word " contest," as determined in the *Erlanger* decision hereinbefore mentioned, was intended to refer only to the matter therein contested, and was not to the effect that no copy of minutes could be allowed except in a will contest.

If an order was not authorized then the estate could not be charged therefor unless the special guardian had contested, and was successful, in which event he could have been allowed the amount of the charges, with his allowance and other disbursements.

Applicant is entitled to an order directing the executors and trustees of the estate of Charles Rosenberg, deceased, to pay to him only the amount of his charges for a copy of the minutes of the reference furnished to the referee, viz., the sum of $24.25, and the payment thereof will be in full for the balance due him from said executors and trustees for stenographer's fees of the reference in which he acted.

Enter decree accordingly.