THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOFT, INC., Relator, *v.* JAMES J. SEXTON and Others, as Commissioners of Taxes and Assessments of the City of New York, Defendants.

Supreme Court, New York County, September 2, 1937.

*Leon Sacks,* for the relator.

*Paul Windels, Corporation Counsel,* for the defendants.

PECORA, J. This is a motion to expunge from the record in a reference the stipulation permitting the stenographer to charge seventy-five cents per page for the referee's copy, instead of ten cents per folio, the official rate, or twenty-five cents per page. At the outset it is to be observed that the ten-cent official rate is applicable only to official court stenographers. (Civ. Prac. Act, § 1544; *Utica Partition Corp.* v. *Jackson Const. Co.,* 201 App. Div. 376; *Eckstein* v. *Schleimer,* 62 Misc. 635.) It is evident that an official court stenographer takes the stenographic record as a part of his official duties, for which he is compensated by his salary. Transcription of the record furnished to litigants is not a part of his official duties, and he is permitted to charge a fee therefor, limited by the statute. But an unofficial stenographer's services include attendance, stenographic service and transcription. His rate must, therefore, be higher than ten cents per folio or twenty-five cents per page. In the absence of a stipulation and the acceptance of charges made by the stenographer, the latter might be compelled to sue for the value of his services or have his fee fixed by testimony before the court as to the reasonable value of the work rendered. The stipulation at the outset of the reference obviates that.

The affidavit of the referee shows that the stipulation was read into the record at the outset. Perhaps the word " stipulation " was not the best expression, because the assistant corporation counsel did not affirmatively accept the charge as binding. But he should not now be heard to disclaim the charge unless in positive terms he expressed his dissent. Mere silence on his part or even a statement which he claims to have made that he had no power to stipulate would not be sufficient.

Under the circumstances, the motion should be denied and the charge of seventy-five cents per page for the referee's copy sustained.