Henry A. Hudson, J.
This is a proceeding in the nature of mandamus for an order compelling the respondent, Fannie P. Bortle, to deliver over to the petitioner a certified transcript of the minutes of the trial of petitioner in the Herkimer County Court upon payment of the fees prescribed by law.
The facts are not in dispute and are contained principally in the affidavits of the respondent and of Honorable Edmund A. McCarthy, County Judge of Herkimer County. It appears that before the opening of the July, 1955 Term of the Herkimer County Court there was no regularly appointed stenographer, the previous Herkimer County Court stenographer having been appointed to the position of Supreme Court stenographer early in 1955. The County Judge of Herkimer County sought the services of the respondent to act as court stenographer for the July, 1955 Term of County Court. The respondent agreed to act as stenographer for the July, 1955 Term in the event that she were compensated for her daily attendance and reporting at the rate of $20 per day and that she receive in addition thereto the sum of 75 cents a page for the first copy, 25 cents a page for the second copy and 10 cents a page for the third copy or any additional copies of any proceedings. That compensation was agreed upon by the respondent and the County Judge. The respondent states that she acted as stenographer for the term of County Court for the County of Herkimer held in July, 1955. The petitioner was tried for the crime of criminal negligence and reckless driving at the July, 1955 Term of court, the trial lasting 11 days. The petitioner was found guilty and sentenced in the County Court of Herkimer County. On August 10, 1955 the petitioner filed with the County Clerk of Herkimer County a notice of appeal to the Appellate Division of the Supreme Court, Fourth Department. Thereafter the petitioner through his attorney, for the purpose of submitting to the Supreme Court his application for a certificate of reasonable doubt, requested a copy of the minutes of the trial from the respondent and was informed that her charge therefor would be 50 cents a page for such copy or $532, such transcript covering 1,064 pages. The petitioner’s attorney offered to pay for the defendant’s copy of such transcript the fee fixed by section 1544 of the Civil Practice Act, viz., 25 cents a page or the sum of $266. The respondent refused to deliver a copy thereof for that sum. This application was made to the Supreme Court rather than to the County Court of Herkimer County for the reason that the County Judge of Herkimer County suggested that the application be made to the Supreme Court.
*799 It is the contention of the respondent that she is not the official stenographer of the County Court of Herkimer County and that for this reason section 1544 of the Civil Practice Act and section 300 of the Judiciary Law are not applicable to a request to her to furnish a transcript of the minutes of a trial in County Court and that she is either entitled to compensation on the basis of the special agreement which she made with the Herkimer County Judge or in any event upon a quantum meruit basis. It is her contention that she is an unofficial stenographer.
The affidavit of Charles E. Crandall, County Auditor of the County of Herkimer was submitted upon the application. This affidavit states that the payroll records of the County of Herkimer are in his possession; that a search thereof shows that for the period from July 1 to July 31, 1955 the respondent received as and for her services as Herkimer County Court stenographer the sum of $20 per day, a total of $380. That the title of the position of the respondent was court reporter.
The petitioner contends that in acting as the County Court stenographer of Herkimer County in July, 1955 the respondent was the stenographer of that court and was acting as the official court stenographer; that accordingly she was required to furnish a transcript of the minutes of the trial under the provisions of the Judiciary Law and that the compensation therefor is provided for in section 1544 of the Civil Practice Act.
The provisions for the appointment and covering the duties of County Court stenographers are contained in the following sections of the Judiciary Law:
“ § 198. * * * 6. When the regular stenographer appointed under this section is ill, absent, on his vacation, or for other good cause unable to act, or in any county where more than one part of said court is being held at one time, the county judge for and during such event or emergency may designate one or more stenographers to act temporarily. Such temporary stenographer or stenographers shall be paid by the county a reasonable compensation certified by the county judge.”
‘‘ § 290. * * * Each stenographer, specified in this chapter * ® * is an officer of the court or courts, for or by which he is appointed.”
‘‘ § 294. * * * Each stenographer specified in this chapter * * * before entering upon the discharge of his duties, must subscribe the constitutional oath of office, and file the same in the office of the clerk of the court ”.
‘‘ § 295. * * * Each stenographer specified in this chapter * * * must take full stenographic notes of the testimony and of all other proceedings in each cause tried or heard.”
*800 ‘‘ § 300. * * * The stenographer shall, upon the payment of his fees allowed by law therefor, furnish a certified transcript of the whole or any part of his minutes, in any case reported by him, to any party to the action requiring the same.”
“ § 301. * * * The original stenographic notes must be written out at length by the stenographer, if a judge of the court so directs, or if the stenographer is required so to do, by a person entitled by law to a copy of the same, so written out. ’ ’
“ § 302. * * * Each stenographer specified in this chapter * * * must, upon request, furnish, with all reasonable diligence, to the defendant in a criminal cause, or a party, or his attorney in a civil cause, in which he has attended the trial or hearing, a copy, written out at length from his stenographic notes, of the testimony and proceedings, or a part thereof, upon the trial or hearing, upon payment, by the person requiring the same, of the fees allowed by law.”
Section 1544 of the Civil Practice Act provides: ‘‘ Fees of stenographers. Except where otherwise agreed or when special provision is otherwise made by statute, in a trial or special term of any court a stenographer is entitled, for a copy fully written out from his stenographic notes of the testimony or any other proceeding taken in an action, or a special proceeding in a court of record, or before a judge or justice thereof, and furnished upon request to a party or his attorney, to a fee of ten cents for each folio.”
It would appear from an examination of subdivision 6 of section 198 that the employment of the respondent by the County Judge of Herkimer County as stated in their respective affidavits must be considered to have been made pursuant to the provisions thereof and that such employment constituted the designation of the respondent as a temporary stenographer within the meaning of subdivision 6 of section 198.
I have been unable to find any other provision authorizing the appointment or selection of a stenographer to take the minutes at any regular term of the County Court and the July, 1955 Term of the Herkimer County Court was a regular term thereof. No other authority than that contained in subdivision 6 of section 198 has been submitted.
It seems clear from the affidavits submitted that the respondent was not formally appointed the County Court stenographer for the July, 1955 Term of the Herkimer County Court as provided for under subdivision 6 of section 198 of the Judiciary Law and that she did not take the oath of office required by section 294 of the Judiciary Law. Be that as it may, the July, 1955 Term of that court was a regular term for the trial of *801 criminal actions; the respondent acted as the court stenographer for that term and was paid therefor and the petitioner was tried at that term charged with a felony and was convicted thereof. Section 456 of the Code of Criminal Procedure provides as follows: ‘ ‘ Where the defendant is convicted of a crime the clerk of the court in which the conviction was had shall within two days after a notice of appeal shall be served upon him notify the stenographer that an appeal has been taken whereupon the stenographer shall within ten days after receiving such notice deliver to the clerk of the court a copy of the stenographic minutes of the entire proceedings of the trial certified by the stenographer as an accurate transcript of such proceeding. Such copy shall be filed by the clerk in his office. The expense of such copy shall be a county charge, payable to the stenographer out of the court fund upon the certificate of the judge presiding at the trial.” Under the provisions of this section and under the provisions of sections 300 and 302 of the Judiciary Law, an original copy, one for the county and a further copy, if requested by any party to the proceeding, must be provided by the stenographer upon the payment of the statutory fee. This obligation was recognized by the respondent as appears from her affidavit. I can come to no other conclusion except that the provisions of section 456 of the Code of Criminal Procedure required the County of Herkimer to provide a court stenographer to take the minutes of the court proceedings of any regular term of the County Court of that county. Any stenographer secured for that purpose would of necessity be the court stenographer referred to under the provisions of subdivision 6 of section 198 of the Judiciary Law. If he were selected for that term only he would be the temporary stenographer specified under such subdivision. The fact that the respondent in this case was so considered is clearly indicated from the affidavit of the county auditor as she was carried on the payroll as such and was paid the daily compensation agreed upon between such stenographer and the County Judge. As such stenographer she was an officer of the court. (Judiciary Law, § 290.) The fact that she did not file an oath (Judiciary Law, § 294), is not fatal nor does it affect her official acts. In Matter of Delehanty (Sullivan) (202 Misc. 33, 35-36) the court stated: “It is well settled, however, that the failure of such officer to take the prescribed oath of office will not prevent him from discharging his duties * * * Even if it were to be assumed that the petitioner is not a de jure officer, he is in any event holding the office * * * de facto. * * * ‘ The acts of an officer de facto, although his title may be bad, are *802 valid so far as they concern the public or third persons who have an interest in the thing done. ’ ” In Sylvia Lake Co. v. Northern Ore Co. (242 N. Y. 144, 147) the court stated: “ It is a well established principle, recognized in all jurisdictions that, so far as the public and third persons are concerned, the official acts of a de facto judge are just as valid as those of a de jure judge.”
I am, therefore, of the opinion that, while the respondent may not have been an officially appointed or qualified County Court stenographer at the time of entering upon her duties as such, by entering upon such duties and continuing therewith throughout the July, 1955 Term of the Herkimer County Court she became and was in fact the temporary County Court stenographer of Herkimer County during the month of July, 1955 and as such was subject to the provisions of subdivision 6 of section 198 of the Judiciary Law and of article 9 of that law. This is particularly true in view of the fact that she agreed before entering upon her duties to accept for her services, compensation on a per diem basis and also upon the basis of an agreed amount per folio for all stenographic work furnished. Having accepted a position which made her an officer of the court, she was obligated to carry out the statutory provisions applying to such office.
The respondent has submitted in opposition to the motion a number of authorities to the effect that an unofficial stenographer is entitled to charge for his services, in providing minutes, a greater amount than is provided in section 1544 of the Civil Practice Act. These decisions turn upon the theory that an unofficial stenographer receives no salary and, therefore, is obliged to charge more per folio than an official court stenographer. The respondent relies upon People ex rel. Loft, Inc., v. Sexton (165 Misc. 564); Utica Partition Corp. v. Jackson Constr. Co. (201 App. Div. 376, 382), and Eckstein v. Schleimer (62 Misc. 635, 638). All of these cases refer to the compensation of a stenographer employed upon a reference. In the Sexton case a stipulation for the higher rate of compensation had been entered into. In the Eckstein and Utica Partition eases the court indicated that payment should be made on a quantum meruit basis. Upon this application respondent’s counsel relied upon a distinction between an official stenographer and an unofficial stenographer. Nowhere within the provisions of any of the above-quoted sections of the Judiciary Law can I find any reference to an official stenographer. Reference is either made to a “ regular stenographer ”, “ temporary stenographer ” or just “the stenographer”. Black’s Law *803 Dictionary defines the word “ official ” as “ An officer, a person invested with the authority of an office.” Webster’s Dictionary defines the word “official” as “Discharging or performing an office, position, or trust; connected with holding of office. Holding an office or serving in a public position; authorized to perform a service.” “ One who holds, or is, invested with an office.” “A person invested with an office. One having subordinate, administrative or executive powers in a government or public institution.”
I believe that the designation “ official court stenographer ” used in the above cases can only mean a stenographer of a regularly constituted court authorized and required to take a record of the proceedings therein and that it is synonymous with the expression “regular stenographer”, “temporary stenographer ” or “ the stenographer ” contained in the above-quoted sections of the Judiciary Law.
The responsibility of an official stenographer to furnish, with reasonable diligence, copies of his stenographic notes was very thoroughly discussed by Chief Justice Daly in McCarthy v. Bonynge (12 Daly 356). In this case a question of whether an agreement to pay a greater rate for furnishing copies of the testimony more expeditiously than was required by the statute was considered and the court held that such an agreement could not be upheld. The court discussed numerous prior decisions both of this country and of England and in discussing one of such cases (p. 359) stated: “ The chancellor said that the framers of the statute were not chargeable with the absurdity of supposing that the compensation prescribed in the fee bill would be full and adequate to the officer in every case; but to prevent extortion and oppression on the part of public officers, and the interminable litigation which would necessarily arise if the amount of their compensation or the value of their services was dependent upon the circumstances of each particular case, a specified allowance was fixed by law, which, taking one case with another, was deemed a fair compensation; that if it was more than the service was worth, in one class of cases, the officer had the benefit of it, and therefore, it was reasonable that he should sustain the loss, if, in other cases, it was inadequate * * * ”. This case was affirmed upon the opinion of the Chief Justice by the Court of Appeals (101 N. Y. 668).
It is interesting to note that the agreed charge for the copy of the stenographic minutes of the trial of the petitioner, which the respondent was required to provide pursuant to the provision of section 456 of the Code of Criminal Procedure at the expense of the county, under the terms of her employment was *804 75 cents a page. This copy, the respondent was required to furnish whether the petitioner ordered a copy or not. The agreed charge for a second copy under the terms of employment was 25 cents a page, which is equivalent to 10 cents a folio, the statutory fee fixed under section 1544 of the Civil Practice Act. Respondent would thus receive, under the terms of her employment, exactly the same total compensation for two copies as is proposed by her at the present time, namely, 50 cents a page for each of two copies.
The application is granted, without costs, and the respondent is directed to provide a copy of the minutes to the petitioner upon the payment of the statutory fees specified in section 1544 of the Civil Practice Act.
An order may be submitted in accordance with this decision.